[No. 13318.    Department One. — August 1, 1891.]

JOHN HINKEL, RESPONDENT, v. PATRICK DONOHUE ET AL., APPELLANTS.

DISMISSAL OF ACTION — FILING OF DISMISSAL BY PLAINTIFF — RIGHT TO JUDGMENT. — Under section 581 of the Code of Civil Procedure, providing for the dismissal of actions, the plaintiff has the right to have the action dismissed at any time before trial upon the mere filing of the dismissal, and to have judgment entered thereon accordingly, if no counterclaim has been made or affirmative relief sought by the cross-complaint or answer of the defendant, at the time of filing the dismissal.

ID. — ANSWER AFTER FILING DISMISSAL — MOTION FOR JUDGMENT OF DISMISSAL — CROSS-COMPLAINT — STRIKING OUT PLEADINGS. — Where the plaintiff has filed a dismissal before the service of summons or appearance of the defendant, and has served and filed notice of a motion to strike out an answer thereafter filed, and for the entry of a judgment of dismissal *nunc pro tunc* as of the date of filing the dismissal, he cannot be

deprived of his right to the judgment of dismissal by the filing of a cross-complaint by the defendant before the hearing of the motion, and the court should grant the motion, and strike the cross-complaint as well as the answer from the files.

ID. — RELATION OF ORDER AND JUDGMENT TO NOTICE OF MOTION — RELATIVE SPEED OF PARTIES. — An order granting a motion for a judgment of dismissal, and the judgment entered pursuant to the order, relates to the first step taken in its procurement, and is to be regarded as having been made at the date of the notice of motion; and the right to have the motion granted does not depend upon the relative speed of the parties in procuring the first hearing before the court.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco.

The facts are stated in the opinion of the court.

*Mich Mullany, William Grant,* and *W. C. Burnett,* for Appellants.

*O'Brien, Morrison & Daingerfield,* for Respondent.

HARRISON, J. — The plaintiff commenced an action in ejectment against the defendants by filing a complaint on the 28th of November, 1887. Summons was issued thereon upon that day, but no service thereof was ever made upon either of the defendants. March 16, 1888, the attorneys for the plaintiff filed with the clerk of the court the following paper writing, viz.:—

" [Title of court and cause.]

" The above-entitled cause is hereby dismissed, and the clerk of the above-named court is hereby authorized to enter said dismissal of record.

" O'BRIEN & MORRISON,
" Attorneys for Plaintiff."

At the time of filing said dismissal, no appearance had been made in the action by or on behalf of either of the defendants, and the said dismissal was within a day or two thereafter entered by the clerk in his register of actions. September 13, 1888, the appellants served upon the plaintiff and filed with the clerk an answer to the

complaint in said action.   October 17, 1888, the attor-
neys for the plaintiff served upon the defendants and
filed with the clerk a notice that on October 26, 1888, the
plaintiff would move the court for an order " that a judg-
ment of dismissal of said action be entered without pre-
judice, at plaintiff's costs, *nunc pro tunc* as of March 16,
1888, and striking out the answer filed herein Septem-
ber 13, 1888.   October 18, 1888, the defendants filed a
cross-complaint, which on the same day was served
upon the plaintiff's attorneys, and on the 20th of Octo-
ber, 1888, the attorneys for the plaintiff served upon the
defendants and filed with the clerk a notice that on Oc-
tober 26, 1888, they would move the court for an order
" striking out the so-called cross-complaint that was filed
herein on the eighteenth day of October, 1888."   When
these motions came on for hearing, they were granted
by the court, and an order was made that a judgment of
dismissal of the action be entered, and that the cross-
complaint be stricken from the files.   Judgment dismiss-
ing the action was thereupon entered January 17, 1889.
From this judgment the defendants have appealed, bring-
ing up the foregoing matters by bill of exceptions.

Section 581 of the Code of Civil Procedure provides
that " an action may be dismissed, or a judgment of
nonsuit entered, in the following cases: 1. By the
plaintiff himself at any time before trial, upon pay-
ment of costs; provided, a counterclaim has not been
made, or affirmative relief sought by the cross-com-
plaint or answer of defendant. . . . . The dismissal
mentioned in the first two subdivisions of this section
is made by entry in the clerk's register; judgment may
thereupon be entered accordingly."

At the time the plaintiff gave the notice of his inten-
tion to move for an order that a judgment of dismissal
of said action be entered, the defendants had not sought
any affirmative relief by their answer, nor had they filed
any cross-complaint.   The above section of the code

gave to the plaintiff the right to have the action dismissed upon the mere filing of the dismissal, and to have judgment entered thereon accordingly. The defendants could not, by filing a cross-complaint after receiving this notice, deprive the plaintiff of this right. The fact that before the motion was heard by the court the defendants filed a cross-complaint did not impair the right of the plaintiffs to have the motion determined according to the facts as they existed when the notice of the motion was given. The order when made, and the judgment entered in pursuance of the order, related to the first step taken in its procurement, and is to be regarded as having been made at that date. The right of the plaintiff as it existed October 17, 1888, to have his motion granted did not depend upon the relative speed of himself and the defendants in any race to procure the first hearing before the court. Indeed, even if it had been a matter of discretion with the court to grant or deny the motion of the plaintiff, we think that under the facts disclosed by the record herein it would have been an abuse of discretion had the judge refused to grant the motion.

When the matter came before the court for hearing, and it determined that the plaintiff's motion should be granted, the court, upon having its attention called to the fact that subsequent to the making of the motion the defendants had filed a cross-complaint, was justified in striking that also from the files.

The judgment is affirmed.

GAROUTTE, J., and PATERSON, J., concurred.