[No. 18252. Department One. January 24, 1924.]

Josephine D. Kempf, *Appellant*, v. Godfred Kempf, *Respondent*.[1]

Divorce (40)—Voluntary Dismissal—Placing in Status Quo. After entry of an interlocutory decree and receipt of real property, money, costs and attorney's fees, the plaintiff in a divorce case can dismiss the action only after placing the defendant in *status quo* by return of all the benefits.

Divorce (44)—Decree—Final Judgment—Motion for—Personal Nature of Right. Rem. Comp. Stat., § 988-1, gives a personal right to either party in divorce to apply for a final judgment; hence it cannot be entered on motion of *amici curiae*.

Appeal from a judgment and orders of the superior court for Spokane county, Lindsley, J., entered May 3, 1923, in divorce proceedings, after a hearing before the court. Affirmed in part and reversed in part.

*Cordiner & Cordiner*, for appellant.
*Freece & Pettijohn*, amici curiae.

Tolman, J.—Appellant, as plaintiff, instituted this action against the defendant to obtain a divorce, permanent alimony, attorney's fees and costs. Service was obtained by publication, the whereabouts of the

[1]Reported in 222 Pac. 485.

defendant being unknown, and a default against him was duly entered. By leave of court, attorneys representing the trustee who had been appointed for the absentee defendant by the superior court for Lincoln county, under Rem. Comp. Stat., § 1751 [P. C. § 7335], and who represented also defendant's children by a former marriage, who claimed an interest in the property affected as his heirs presumptive, were permitted, as *amici curiae,* to take part in the case so far as the property rights of the defendant were concerned, and, after a hearing, an interlocutory decree was entered on April 24, 1922, declaring the plaintiff entitled to a divorce; decreeing her certain real property, $1,500 in money as permanent alimony, and attorney's fees of $750, and costs. The plaintiff took and received, and has since retained, all of the property and money so decreed to her. Her attorneys were paid the fee allowed, and no return of any of this money or property has ever been tendered.

On April 5, 1923, nearly a year after the entry of the interlocutory decree (no final decree having been asked for by either party, and none having been entered), the plaintiff filed a motion, supported by her affidavit, asking for an order dismissing the action. The affidavit set up her election to forgive and condone the offenses charged in the complaint, and stated her desire that no final decree be entered in the cause. *Amici curiae* filed affidavits traversing the affidavit filed by the plaintiff to the extent of showing that the whereabouts of the defendant were still unknown; that there had been no communication between the plaintiff and defendant since the action was begun, and that the plaintiff's so-called condonation was simply and solely a mental operation on her part, and thereupon moved the court to enter a final decree of divorce. Plaintiff moved to strike and demurred to that application,

which motion to strike was denied and her demurrer overruled. A final decree of divorce as moved for by *amici curiae* was thereupon entered. From all and each of these orders the plaintiff has appealed.

Considering first appellant's motion to dismiss the action, we are clearly of the opinion that, in the light of the facts disclosed, such motion was rightfully denied. Appellant had received and retained the fruits of her action, in real property, money, costs and attorney's fees, and was entitled to dismiss, if at all, only upon placing the defendant in *status quo* by a return of all of these benefits. Having failed to make such return, or tender it, she could not be heard, no matter what her rights might otherwise have been.

As to the right of *amici curiae* to apply for a final decree, we have grave doubt. The statute, Rem. Comp. Stat., § 988-1 [P. C. § 7507a], reads:

"At any time after six months have expired, after the entry of such interlocutory order, and upon the conclusion of an appeal, if taken therefrom, the court, on motion of either party, shall confirm such order and enter a final judgment granting an absolute divorce, from which no appeal shall lie."

This right to either party to apply for a final decree seems to be a personal one which may not be forced upon a litigant by the court on its own motion or be invoked by a friend of the court.

"The office of a friend of the court is restricted to making suggestions as to questions apparent upon the record, or matters of practice presenting themselves for determination in the course of proceedings in open court. He may not take upon himself the management of the cause as counsel, and he has no control over the suit in any manner." 2 C. J. 1325.

The right to move for a final decree being a personal one under the statute, it was error for the court, vir-

tually of its own motion, to enter such a decree, and that decree should be vacated and set aside. In all other respects the orders appealed from will stand affirmed.

MAIN, C. J., HOLCOMB, PARKER, and MACKINTOSH, JJ., concur.