[No. 19332.  Department Two.  September 3, 1925.]

STELLA THORNTON, *Respondent,* v. EVERETT THORNTON, *Appellant.*[1]

DIVORCE (104)—SUPPORT OF CHILD—MODIFICATION OF DECREE—PLEADING—CROSS-COMPLAINT.  On petition to modify a decree of divorce as to support, relief may be awarded on cross-petition, under Rem. Comp. Stat., § 995-3 *et seq.,* providing that either party to the action may petition for a modification.

SAME (104)—SUPPORT OF CHILD—MODIFICATION OF DECREE—EFFECT OF REMARRIAGE OF PLAINTIFF.  The fact of remarriage of a divorced wife does not entitle the husband to relief from contributing to the support of a child living with the step-father.

DIVORCE (42)—TRIAL (150)—FINDINGS OF FACT—NECESSITY—MODIFICATION OF DECREE.  Rem. Comp. Stat., § 996, requiring findings of fact in an action for divorce is not applicable to proceedings for a modification of the amount for support, in which Id., § 995-5, requires only the entry of an order.

Appeal from an order of the superior court for Spokane county, Lindsley, J., entered January 28, 1925, modifying a decree of divorce respecting the support of a child, after a hearing to the court.  Affirmed.

*A. C. Clausen,* for appellant.

*McCarthy, Edge & Lantz,* for respondent.

MITCHELL, J.—Plaintiff, Stella Thornton, and defendant, Everett Thornton, were divorced in 1912, she being awarded the custody of their child and he being ordered to pay $10 a month for its support.  In January, 1925, he filed a petition for a modification of the decree relieving him from all further payments.  She answered and also filed a cross-petition that he be required to pay $25 per month for the support of the child.  Upon the hearing the order was that he pay $20 per month.  He has appealed.

[1]Reported in 238 Pac. 977.

It is contended that under §§ 995-3, 995-4 and 995-5, Rem. Comp. Stat. [P. C. §§ 7511-3, 7511-4, 7511-5], relating to petitions to modify judgments or decrees relating to children, no provision is made for a cross-complaint or cross-petition, and that the superior court erroneously denied appellant's motion to strike the cross-petition. While those sections say nothing about a cross-petition, *eo nomine*, they do say that *either* party to the action may petition, and we think that without doubt both parties may petition and be heard at the same time as was done in this case.

The respondent has married again, and because the child is living in the home of its stepfather it is argued that the natural father is thereby relieved of all further obligation of supporting the child. This was the theory of his petition. Many authorities are cited discussing the duty of a stepfather under such circumstances. Those cases are not in point. The stepfather is not a party to this proceeding. While it is true that in the case of *White v. McDowell*, 74 Wash. 44, 132 Pac. 734, we said: "There is a duty upon a stepfather to support the minor children of his wife by a former husband, and that this duty is something more than mere charity," that saying must not be considered as doing away with the rule laid down in *McGill v. McGill*, 67 Wash. 303, 121 Pac. 469, where we said:

"On the merits, the defendant answered that the present husband of the plaintiff had voluntarily assumed the support of the child, and stood in *loco parentis*; that the purpose of the decree was thus met and the defendant thus absolved from its further observance. The solemn decrees of courts are not to be discharged in any such fortuitous fashion. We cannot recognize charity, however willingly bestowed, as a legal substitute for the natural duty of a parent to maintain his minor child. The court correctly held that the answer stated no defense."

The two rules are not inconsistent. Either or both may be enforced in obedience to a faithful observance of the child's welfare and the necessities and equities of all the parties. Each case must be decided on its own merits.

Nor are we disposed, upon consideration of all the evidence, to disturb the order increasing the amount to be paid by the appellant.

Another assignment is that the court entered no finding of fact. The record does not show that the appellant proposed or asked that any be made, although it does appear that he moved to vacate the final order appealed from on the ground that no finding was made. Generally speaking, trial by jury is dispensed with in all proceedings in the trial of divorce actions (Rem. Comp. Stat., § 997) [P. C. § 7513], and in all instances where the superior court shall grant a divorce it shall be for cause distinctly alleged in the complaint, proved and found "and the court shall state the facts found upon which the decree is rendered" (Rem. Comp. Stat., § 996) [P. C. § 7512]. But the present proceeding is not for a divorce, but for a modification of a judgment relative to the support of a minor child, and the governing statutes already cited do not require findings, but only "upon a full hearing and determination of said petition the court shall make and enter such order, judgment or decree in said cause as the evidence and the law requires." Rem. Comp. Stat., § 995-5.

The record fails to disclose any abuse of discretion on the part of the trial court in denying the motion for a new trial.

Affirmed.

TOLMAN, C. J., FULLERTON, MACKINTOSH, and HOLCOMB, JJ., concur.