[No. 20978.   Department One.   March 5, 1928.]

MILDRED STILES, *by her Guardian ad Litem E. H. Stiles,*
*Respondent,* v. PANTAGES THEATER COMPANY
*et al., Appellants.*[1]

[1] COURTS (40)—RULE OF DECISION—CORRECTION IN SAME COURT.
A letter from the trial judge to the effect that a motion to
strike an amended pleading as sham and frivolous would be
granted, did not pass upon another part of the motion asking a
dismissal of the action; and in any event, was not an order,
and left the matter in the mind of the court, with power to
grant a voluntary nonsuit.

[2] DISMISSAL AND NONSUIT (3)—VOLUNTARY—RIGHT TO.   Plaintiff's
premature election to stand upon a complaint, in anticipation
of an order to strike that was never entered, does not bar a
voluntary nonsuit.

[3] SAME (9)—ORDER—NOTICE OF.   Lack of notice of a motion for
a voluntary nonsuit is immaterial, where the matter was fully
considered and determined on a motion to vacate the nonsuit.

Appeal from an order of the superior court for
Pierce county, Remann, J., entered May 13, 1927, dis-
missing, without prejudice, an action for personal in-
juries.   Affirmed.

*Ryan & Desmond, John E. Ryan, Jr.,* and *Thomas M.*
*Green, Jr.,* for appellants.

*P. L. Pendleton* and *W. G. Palmer,* for respondent.

MITCHELL, J.—This is an action for damages.   A de-
murrer by each defendant to the complaint was sus-
tained.   An amended complaint was filed, to which a
demurrer by each defendant was sustained.   A second
amended complaint was filed, and responding thereto,
each defendant, alleging that the cause of action at-
tempted to be set forth was identical with the first
amended complaint, moved to strike the second

[1]Reported in 264 Pac. 991.

amended complaint as sham and frivolous, *and* that judgment be entered for the defendant. The motion was presented to the court, and a few days later the trial judge forwarded by mail to counsel on each side, they residing in different counties, a letter as follows:

"In Re Stiles v. Pantages Theatre.

"The court has received the briefs furnished by both parties, carefully considered the same and is of the opinion that the motion to strike, directed to plaintiff's second amended complaint, is well taken and that the same should be granted in accordance with said motion.

"Defendant's attorney will prepare an order in conformity herewith, allowing plaintiff's exception.

"Very truly yours,
"F. G. Remann."

Upon receiving the letter, the plaintiff, by her attorneys, mailed to the attorneys for the defendants, and filed in the cause, notice in writing stating that she declined to plead further and elected to stand on the second amended complaint. Within a few days, and without notice to the defendants, an order was entered, on motion of counsel for the plaintiff, granting plaintiff a voluntary nonsuit and dismissing the action without prejudice. No order was ever presented or signed, as directed by the letter of the trial judge, granting the motion to strike the second amended complaint as sham and frivolous.

Each of the defendants moved for an order setting aside the order of dismissal without prejudice, and that a judgment of dismissal in conformity with the court's ruling on defendants' motion to strike the second amended complaint be entered. These motions were denied. The defendants have appealed.

[1] The first contention on behalf of the appellants is that the judge's letter, expressing the opinion that the motion to strike the second amended complaint was

well taken and should be granted, had the effect of terminating the cause of action. Two answers may be made to that contention, first, the motion was double, that is, to strike the second amended complaint as sham and frivolous *and* to dismiss the action. The letter did not say that the motion was well taken and should be granted, thus including both features of the motion, but it said the motion to strike is well taken and the same should be granted in accordance with said motion, that is, as being sham and frivolous. It embraced only one part of the motion. If it be assumed that the letter should perform the function of an order, it would simply strike the complaint which, under our liberal rules of pleading and practice, would not foreclose the right of the plaintiff to appeal to the discretion of the trial court for leave to still further amend the complaint, in this kind of an action. Another answer is that the letter, by its terms, did not serve as an order and was not intended to be an order. It said "Defendant's attorney will prepare an order in conformity herewith." Until the order was prepared as directed and signed, the matter was still in the judgment and power of the court to do with as it pleased. Such an order never having been signed, it follows that the motion has not been granted in any respect whatever.

[2] The second contention on behalf of the appellants is that the respondent is bound by her notice that she would not further plead, but would stand on the second amended complaint. That notice, however, was anticipatory of the order the court had directed to be prepared. The order was never made. There was no occasion to elect to stand on the pleading, the notice was premature, never called to the attention of the court, and worthy only of being ignored by the maker.

[3]   Lastly, it is contended that the order granting plaintiff's motion for a voluntary nonsuit was without right and was ineffective, because no notice of the motion or presenting it to the court was given to the defendants.   However, assuming, without deciding, that appellants were entitled to notice of the application, the record shows they moved to set aside that order, and argued the matter on the merits and not simply because of lack of notice, and that the court refused to set aside the order.   The trial court, in denying appellants' motions to set aside the order granting respondent's motion for a voluntary nonsuit, pertinently recited in its order:

"The court has carefully considered the able briefs furnished by both counsel in this matter, and while it is true that the filing of the order dismissing without prejudice was without notice to the defendant, it was understood that, if the court sustained defendant's motion on that account alone, it would then be necessary to argue the question as to the right of the plaintiff to dismiss without prejudice.   The whole matter having been submitted to the court at one time, the court deems the lack of notice to have been waived."

Affirmed.

TOLMAN, PARKER, and FRENCH, JJ., concur.