[No. 29594.   Department Two.   June 12, 1945.]

Leslie J. Robinson, *Respondent,* v. Effie M. Robinson, *Appellant.*[1]

*Marion Garland, Sr.,* and *Marion Garland, Jr.,* for appellant.

*Ross Watt,* for respondent.

Blake, J.—This is an appeal by defendant from an interlocutory order granting a divorce to plaintiff and settling property rights between the parties.

[1]Reported in 159 P. (2d) 903.

Appellant assigns error (1) in granting respondent a divorce, and (2) in approving an agreement entered into by the parties on October 2, 1943, settling their property rights.

*First.* The complaint was verified August 23, 1944. As ground for divorce, respondent alleged that:

"For a period of sometime last past, the defendant has assumed and maintained toward plaintiff an indifferent attitude and has made no attempt to conceal the fact that she has neither love nor affection for the plaintiff; that it has become impossible for the parties to live together any longer as husband and wife."

He also set out the agreement of the parties settling their property rights and prayed that it be approved by the court.

Answering, appellant categorically denied the charge alleged as ground for divorce and prayed that the property settlement agreement be set aside.

The only evidence offered by respondent in support of his charge was, according to his testimony, an alleged act of adultery committed by appellant with a sailor just prior to the time of entering into the property settlement agreement. Appellant admitted having been with the sailor at the time and place referred to by respondent, but denied the imputation of adultery.

On the issue presented by the alleged cause for divorce, the court found:

"That for a period of several years last past the defendant has assumed and maintained toward the plaintiff an indifferent attitude and has committed certain acts of indiscretion with other men such as to make it impossible for the plaintiff to live longer with the defendant as husband and wife."

We can find no evidence in the record to support this finding but the one incident to which we have referred. Even had adultery been charged in the complaint, and had the court found the charge sustained by the evidence, the finding would not have supported a decree of divorce, for the alleged act was condoned by subsequent cohabitation.

Except for four or five weeks after the incident in question had occurred, the parties lived together and slept in the same bed right up to the time the action was begun. This constituted a condonation of whatever indiscretion appellant may have committed in September, 1943. *Rogers v. Rogers,* 81 Wash. 502, 142 Pac. 1150; *Prothero v. Prothero,* 137 Wash. 349, 242 Pac. 1; *Logan v. Logan,* 141 Wash. 62, 250 Pac. 641.

Respondent contends that appellant is in no position to challenge the sufficiency of the evidence to sustain the finding and interlocutory order by reason of the following colloquy which occurred at the trial:

"THE COURT: Is there much argument about the divorce? MR. GARLAND: I don't think so; we aren't asking for the divorce. THE COURT: Any contest there? MR. GARLAND: I can't see that there is. If this contract can be set aside and a property division made by the Court, I presume that would be all.".

In contending that this concession obviated the necessity of establishing by competent evidence the cause alleged as ground for divorce, respondent fails to appraise the force of Rem. Rev. Stat., § 996 [P.P.C. § 23-41], which provides:

"*In all instances where the superior court shall grant a divorce, it shall be for cause distinctly stated in the complaint, and proved, and found by the court, and the court shall state the facts found upon which the decree is rendered;* and when either party shall signify a desire to appeal from any of the orders of the court, in the disposition of the property or of the children, the court shall certify the evidence adduced on the trial, and the supreme court shall be possessed of the whole case as fully as the superior court was, and may reverse, modify, or affirm said judgment, according to the real merits of the case." (Italics ours.)

Construing this section, we have repeatedly held that "the superior court in granting a divorce must grant it for a cause distinctly stated in the complaint, proved and found by the court." *State ex rel. Tufton v. Superior Court,* 46 Wash. 395, 398, 90 Pac. 258. And, again, in *Thornton v. Thornton,* 136 Wash. 129, 238 Pac. 977, it was stated, p. 131:

"In all instances where the superior court shall grant a divorce it shall be for cause distinctly alleged in the complaint, proved and found."

■ Furthermore, regardless of the position taken by the parties upon the issue, public policy demands that the superior court on the trial and this court on appeal see to it that decrees of divorce are granted only upon competent proof of valid and subsisting grounds. *Graham v. Graham,* 54 Wash. 70, 102 Pac. 891; *Davis v. Davis,* 3 Wn. (2d) 448, 101 P. (2d) 313.

■ Second. Finding no subsisting ground upon which a decree of divorce may rest, we are precluded from considering appellant's application to have the agreement with respect to property rights set aside; for, under Rem. Rev. Stat., § 996, the court has jurisdiction to determine property rights of the parties only in the event a divorce is granted. So, upon this issue, appellant must be relegated to her right to present it in a civil action.

The interlocutory order is reversed, and the cause is remanded with direction to dismiss the action.

BEALS, C. J., ROBINSON, SIMPSON, and MALLERY, JJ., concur.