[No. 33216. Department Two. September 1, 1955.]

VIOLA M. McKAY, *Plaintiff*, v. DONALD F. McKAY, *Defendant and Relator*, THE SUPERIOR COURT FOR PIERCE COUNTY, *W. A. Richmond, Judge, Respondent.*[1]

[1]Reported in 287 P. (2d) 330.

*Crippen & Flynn,* for defendant and relator.

*Reischling & Chan,* for plaintiff.

ROSELLINI, J.—This case is identical to *State ex rel. Mc-Kay v. Superior Court,* 45 Wn. (2d) 658, 277 P. (2d) 366, with the exception that the order sought to be reviewed therein has now been filed and entered. The facts are stated concisely in that opinion as follows:

"August 5, 1954, Viola M. McKay commenced a divorce action against Donald F. McKay in the superior court for Pierce county. She was represented by William Timothy, of Sumner, and Mr. McKay was represented by the law firm of Crippen & Flynn, of Tacoma.

"Various meetings were held between counsel, and there was a considerable amount of correspondence between them. It was agreed the defendant would pay temporary support money, and counsel were working on the form of an order for support and visitation rights. A notice of appearance was served by defendant, but no pleadings were filed on his behalf.

"About this time, Mrs. McKay moved to Seattle and contacted the law firm of Reischling & Chan. It was agreed that they would be substituted as her attorneys. Mr. Timothy forwarded his file to them, and notified Crippen & Flynn.

"October 15, 1954, the plaintiff filed an action in King county for separate maintenance. At the same time, a show cause order was issued to the defendant, directing him to show cause, October 26th, why he should not pay reasonable

support, temporary suit money, and attorneys' fees. The same day, an attorney connected with Mr. Reischling's firm filed in Pierce county a motion for voluntary nonsuit of the divorce action, supported by an affidavit stating that, although the defendant appeared in the action, he had not filed an answer, nor had he sought any affirmative relief. (The record does not show whether the separate maintenance action was filed in King county before or after the order of dismissal of the divorce action was entered in Pierce county, although it does appear that the attorney took the show cause order with him when he went to Tacoma with the motion for voluntary nonsuit.) The motion was presented to Honorable Bartlett Rummel, one of the judges for Pierce county, without notice to defendant or his counsel. Upon being advised by the attorney that the defendant had not appeared, Judge Rummel signed and entered the order of dismissal. The attorney then served the summons and complaint and show cause order in the separate maintenance action on the defendant at Orting.

"The defendant notified his attorneys, who checked the record and then appeared before Judge Rummel, who, upon examining the record, rescinded the order of dismissal which he had signed and entered about two hours previously."

On October 21, 1954, the defendant-relator filed and served upon the plaintiff an answer and cross-complaint seeking affirmative relief. On October 22nd, the plaintiff, appearing through Mr. Reischling, moved for reconsideration of the motion and order of voluntary nonsuit. This motion came on for hearing October 25th before the Honorable W. A. Richmond, another judge for Pierce county, who signed an order for voluntary nonsuit and dismissal of the divorce action but did not enter it because counsel for defendant requested that the order be withheld so that he might apply to this court for a writ of certiorari. After the quashing of the writ, which we issued to review the proceedings, the order of dismissal was filed and entered. Defendant has again petitioned for and secured a writ of certiorari.

The defendant contends that, because plaintiff failed to serve notice of presentation of her order of dismissal upon him in accordance with the provisions of RCW 4.28.210

(Rem. Rev. Stat.; § 241) and Rule 8 of special rules of the superior court of Pierce county, providing for the giving of notice and noting of motion for hearing, Judge Rummel properly rescinded the order of dismissal; he further contends that, at the time Judge Richmond signed the second order of dismissal, there was on file an answer and cross-complaint seeking affirmative relief, which would defeat the plaintiff's right to a nonsuit.

In answer to this argument, plaintiff maintains that, under Rule of Pleading, Practice and Procedure 4, 34A Wn. (2d) 70, where the defendant has not asked nor sought any affirmative relief, a voluntary nonsuit is properly granted as a matter of right and that it is unnecessary to give the defendant notice of presentation of the order.

■ Under this rule, a plaintiff is entitled to a voluntary nonsuit at any time before he rests at the conclusion of his opening case unless the defendant has interposed a set-off or sought affirmative relief growing out of the same transaction, or set up a counterclaim to the property or thing which was the subject matter of the action. The plaintiff's right in this respect is absolute and involves no element of discretion on the part of the trial court. *In re Archer's Estate*, 36 Wn. (2d) 505, 219 P. (2d) 112; *Herr v. Schwager*, 133 Wash. 568, 234 Pac. 446.

■ In divorce cases, an exception to the above rule has been recognized by this court. In the case of *State ex rel. Hunter v. Ronald*, 106 Wash. 413, 180 Pac. 125, we held that Rem. Code, § 408 (which is substantially the same as Rule 4), does not give the plaintiff in a divorce action the right to dismiss while in contempt of court in refusing to comply with an order as to the custody of a child. We said, p. 414:

" 'The general proposition is true that a complainant in an equity suit may dismiss his bill at any time before the hearing, but to this general proposition there are some well recognized exceptions. Leave to dismiss a bill is not granted where, beyond the incidental annoyance of a second litigation upon the subject-matter, such action would be manifestly prejudicial to the defendant.' "

The divorce action from its inception has been an equitable proceeding. *Erickson v. Erickson*, 30 Wn. (2d) 914, 194 P. (2d) 954.

In *Kempf v. Kempf*, 128 Wash. 228, 222 Pac. 485, we held that, after the entry of an interlocutory decree and the receipt of real property, money, costs, and attorney's fee, the plaintiff in a divorce case cannot dismiss the action unless the defendant is placed in *status quo* by return of all the benefits.

Since the defendant in this case has advanced no reason why he would be prejudiced by the dismissal of the Pierce county action but relies solely upon his contention that his answer and cross-complaint were timely filed, he does not come under the exception to the general rule.

We cannot accept the plaintiff's argument that she is not required to give the defendant notice of her intention to claim a voluntary nonsuit, even though he has appeared, if he has not filed an answer and cross-complaint. If the privilege of claiming a voluntary nonsuit is exercised during the trial of an action, the defendant is present and notice is an accomplished fact. If the privilege is claimed at any stage of the pleading after an appearance has been made, the plaintiff must comply with RCW 4.28.210:

". . . After appearance a defendant is entitled to notice of all subsequent proceedings; . . ."

The procedure in bringing such a motion on for hearing is the same as that prescribed for any other motion, and the plaintiff must abide by the local court rules in this as in all other proceedings. If he fails to do so, the defendant may have the order set aside upon a proper showing. See *Stiles v. Pantages Theater Co.*, 146 Wash. 684, 264 Pac. 991.

However, the right to a voluntary nonsuit is fixed at the moment that it is claimed. A defendant is not thereafter entitled to claim a set-off or seek affirmative relief so as to prevent the granting of the nonsuit, nor is a party in a divorce action given the right to inject a new issue that would make it prejudicial to the defendant to grant a volun-

tary nonsuit to the plaintiff. This rule is well illustrated in the case of *Hinkel v. Donohue*, 90 Cal. 389, 27 Pac. 301 (1891), where the court said:

"At the time the plaintiff gave the notice of his intention to move for an order that a judgment of dismissal of said action be entered, the defendants had not sought any affirmative relief by their answer, nor had they filed any cross-complaint. The above section of the code gave to the plaintiff the right to have the action dismissed upon the mere filing of the dismissal, and to have judgment entered thereon accordingly. The defendants could not, by filing a cross-complaint after receiving this notice, deprive the plaintiff of this right. The fact that before the motion was heard by the court the defendants filed a cross-complaint did not impair the right of the plaintiffs to have the motion determined according to the facts as they existed when the notice of the motion was given. The order when made, and the judgment entered in pursuance of the order, related to the first step taken in its procurement, and is to be regarded as having been made at that date. The right of the plaintiff as it existed October 17, 1888, to have his motion granted did not depend upon the relative speed of himself and the defendants in any race to procure the first hearing before the court."

██ We need not decide whether Judge Rummel had authority to rescind his order of dismissal without notice to the plaintiff. When the order of dismissal was rescinded, the plaintiff's motion for a voluntary nonsuit was left pending, and the defendant had actual notice that the privilege had been claimed. By filing his answer and cross-complaint, he could not deprive the plaintiff of the right which had become fixed when she filed her motion. At the subsequent hearing, before Judge Richmond, he was entitled to show only such equities as had existed in his behalf at the time the motion was filed. He failed to make any showing that the granting of the nonsuit would prejudice him, but relied upon the plaintiff's failure to give notice in accordance with the statute and court rules, claiming that, after the receipt of such notice, he could have filed his answer and cross-complaint and prevented the entry of the nonsuit. As we have indicated, this contention is without merit. It appear-

ing that the defendant could not have successfully resisted plaintiff's motion at the time it was filed, he has not been harmed by the lack of notice.

The trial court in granting the plaintiff a voluntary non-suit has not denied any substantial right to the defendant-relator McKay. Any defense which he could have interposed in a divorce action in Pierce county is still available to him in the King county action. Beyond the incidental annoyance of a separate maintenance suit in King county, the record discloses nothing that could be construed as prejudicial to the defendant.

The order under review is affirmed.

HAMLEY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.

