[No. 35682. Department Two. April 6, 1961.]

WEST & WHEELER ASSOCIATES, INC., *Respondent*, v. HUGH LOCHRIDGE *et al., Appellants.*\*

*Adoll B. Englund* and *Wright & Wright,* for appellants.

*Heckendorn & McNair,* for respondent.

\*Reported in 360 P. (2d) 739.

HUNTER, J.—This was an action brought by West & Wheeler Associates, Inc., against Hugh Lochridge and Barbara H. Lochridge, husband and wife, to recover a real-estate broker's commission. At the conclusion of the plaintiff's case tried before the court without a jury, the defendants challenged the sufficiency of the evidence on the ground that the plaintiff had failed to comply with the statutory requirements in RCW 18.85.100, which provides in part as follows:

"No suit or action shall be brought for the collection of compensation as a real estate broker, associate real estate broker, or real estate salesman, without alleging and proving that the plaintiff was a duly licensed real estate broker, associate real estate broker, or real estate salesman at the time the alleged cause of action arose."

The plaintiff thereupon moved for a continuance or, in the alternative, for a reopening of the case. The court stated it did not consider that it would be fair to the defendants to grant this motion and invited the plaintiff to move for a voluntary nonsuit. The motion for voluntary nonsuit was made by the plaintiff and granted by the court upon the condition that terms in the sum of $200 be paid into the registry of the court for the benefit of the defendants. The court declined to rule upon defendants' motion for a dismissal of the action. The terms were paid, and upon the entry of the order granting a voluntary nonsuit, the defendants appeal. This appeal is upon a short record supported by a concise statement of points upon which the appellants rely under Rule on Appeal 34(3), RCW Vol. 0.

The only issue involved in this appeal is whether the trial court's interpretation and application of Rule of Pleading, Practice and Procedure 41.08W, RCW Vol. 0, was erroneous. The appellants admit that under the rule a plaintiff, at any time before resting his case, has an absolute right to a judgment of nonsuit provided no setoff or affirmative relief has been interposed by the defendant. It is the interpretation of the proviso of the rule, relating to the time after the plaintiff rests his case, with which we are con-

cerned. Rule of Pleading, Practice and Procedure 41.08W provides:

" . . . *Provided,* That the trial judge may thereafter entertain a motion for a voluntary dismissal without prejudice by the plaintiff upon *good* and *sufficient cause* in support thereof being first shown, but in such event the granting or refusal of such motion, and the imposition of terms as a condition precedent to the granting of such motion, shall rest in the sound discretion of the trial court." (Italics ours.)

The appellants contend the motion was not based upon good and sufficient cause, and, therefore, the trial court abused its discretion in granting the plaintiff's motion for a voluntary nonsuit.

The trial court found that the failure of the plaintiff to comply with RCW 18.85.100 constituted excusable mistake and inadvertence. The appellants argue that mistake and inadvertence to comply with RCW 18.85.100 do not constitute good and sufficient cause under the proviso of Rule 41.08W.

RCW 18.85.100 is not a procedural statute. It is a requirement for certain allegations and proof with which a real-estate broker or salesman must comply before he may obtain a judgment for a commission. It is within the discretion of the trial court to permit pleadings to be amended for such a compliance, and for a continuance to permit the introduction of such proof. A consideration of granting such a motion, however, involves the question of whether the defendant would be prejudiced thereby. In considering this question in the instant case, the trial court reasoned that it would be fairer to the appellants to grant a voluntary nonsuit and to impose terms than to grant the respondent's motion for a continuance or to reopen the case. The trial court's holding that the failure of the respondent to comply with the statute was the result of excusable mistake and inadvertence, clearly constituted good and sufficient cause to grant the motion for a voluntary nonsuit in order that the respondent could institute a new action wherein an opportunity for compliance with the

allegation and proof required in RCW 18.85.100 could be made. The appellants were not prejudiced since admittedly the license could be readily proved, and furthermore, the imposition by the court of terms in the sum of $200 against the respondent, to which no error was assigned, was sufficient to compensate the appellants for the inconvenience of spending the one-half a day in trial caused by respondent's failure to comply with the statute.

 The appellants contend that the respondent's answering brief should be stricken by reason of its failure to file and serve the same within the thirty days after service of appellants' brief, as provided in Rule on Appeal 41(1), RCW Vol. 0. The record shows that the respondent served its answering brief on the appellants on January 31, 1961, and filed the brief with the clerk of the supreme court on February 1, 1961, eighty-four days and eighty-five days, respectively, after the time required under Rule on Appeal 41(1). From our examination of the record, we are satisfied that the appellants have not been denied the opportunity of a full presentation of their arguments in reply to the respondent's answering brief. The motion to strike will be denied; however, the appellants have been inconvenienced in the preparation of their reply brief by reason of the untimely filing of the answering brief. Therefore, the respondent should be denied the recovery of its costs against the appellants.

In view of our disposition of the case, it is unnecessary to consider the other issues raised by the parties on this appeal.

The judgment of the trial court is affirmed and the assessment of costs against the appellants is disallowed.

FINLEY, C. J., MALLERY, and OTT, JJ., concur.

DONWORTH, J., concurs in the result.