[No. 35351. Department Two. July 6, 1961.]

*In the Matter of the Guardianship of* JUDITH LYNN FREITAS, *a Minor.*

ALPHONSO FREITAS, *Appellant,* v. ELLA MANLOWE, *Respondent.**

*Bogle, Bogle & Gates* and *J. Kenneth Brody,* for appellant.

*John R. Stair* and *George R. LaBissoniere,* for respondent.

MALLERY, J.—This case is a sequel to *In re Freitas,* 53 Wn. (2d) 722, 336 P. (2d) 865, in which it appeared that the Freitas family were residents of Hawaii; that Mrs. Freitas died while she and her minor daughter were visiting her sister, Mrs. Ella Manlowe, in Seattle; that Mrs. Manlowe had petitioned for appointment as the child's guardian; that the guardianship proceeding had been consolidated with a proceeding in the juvenile court looking to a decree

*Reported in 363 P. (2d) 385.

of dependency of the child; and that this court had ordered the juvenile proceeding to be held in abeyance until the guardianship proceeding had been finally adjudicated.

Subsequent to this court's decision, and over the objection of the father, Mrs. Manlowe obtained an order of voluntary nonsuit without prejudice and without terms in the guardianship proceeding. It next appears that she removed the child to California and there commenced a new proceeding.

The father has appealed from the order of voluntary nonsuit on the limited ground that the court erred in not imposing terms at his request.

Rule 41.08W (formerly Rule 4) Pleading, Practice and Procedure, RCW Vol. 0, provides:

"An action in the superior court, tried either with or without a jury, may be dismissed by the court and a judgment of nonsuit rendered upon the motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case, unless the defendant has interposed a set-off as a defense, *or seeks affirmative relief* growing out of the same transaction or claim, either legal or equitable, to the specific property or thing which is the subject matter of the action: *Provided,* That the trial judge may thereafter entertain a motion for a voluntary dismissal without prejudice by the plaintiff upon good and sufficient cause in support thereof being first shown, but in such event the granting or refusal of such motion, and the imposition of terms as a condition precedent to the granting of such motion, shall rest in the sound discretion of the trial court." (Italics ours.)

The critical fact is that Mrs. Manlowe was in possession of the child, and, unless she succeeded in being appointed the guardian, custody would be restored to the father without any special pleadings on his part. To him, this would be affirmative relief within the purview of the above rule. Indeed, he has sought that result throughout the interminable litigation, and he could only achieve that end by a final adjudication in the guardianship proceeding.

The propriety of the order is not before us because of the narrow grounds of the appeal, which is directed solely to the question of the imposition of terms. Mrs. Manlowe

could and, in common decency, should have litigated the issues herein in Hawaii, the residence of the father. She elected to spare herself the expense of going to Hawaii, and thus imposed the financial burden of coming to Seattle upon the father.

It was an abuse of discretion, under all the circumstances of the case, not to impose terms upon the order in question, and, accordingly, we remand the cause to the trial court with directions to permit the father to make a showing of what the litigation has cost him by way of travel, living expenses away from home, loss of wages, witnesses' and attorneys' fees, and all other costs he can show, where reasonably incurred, incident to the litigation.

The trial court is directed to enter a judgment for the total amount of these costs by way of imposing *terms* upon the entry of the order in question.

FINLEY, C. J., DONWORTH, FOSTER, and HUNTER, JJ., concur.

---

September 12, 1961. Petition for rehearing denied.