[No. 36390.    Department Two.    July 26, 1962.]

SUSAN JOYCE DELLIT, *Plaintiff and Relator,* v. ROBERT PERRY
*et al., Defendants,* THE SUPERIOR COURT FOR THURSTON
COUNTY, *Raymond W. Clifford, Judge, Respondent.**

*Pebbles, Swanson & Lindskog,* for plaintiff and relator.

*Cartano, Botzer & Chapman,* by *Robert A. O'Neill,* for
defendant Perry.

*Reported in 373 P. (2d) 792.

*Smith Troy* and *Don Cary Smith,* for defendant North Thurston School District No. 3.

HUNTER, J.—This matter is before the court on a writ of certiorari granted to review an intermediate order of the Superior Court for Thurston County.

On December 16, 1960, the plaintiff (relator) commenced a personal injury action in the superior court on behalf of Susan Joyce Dellit, a minor. The complaint alleged negligence on the part of the defendants and resulting injuries to the minor in the amount of $100,000. The defendants answered admitting and denying certain allegations, and set up the affirmative defense of contributory negligence on the part of the minor. The case was set for jury trial on November 27, 1961.

On November 13, 1961, three medical experts on behalf of the defendants, conducted examinations of the allegedly injured minor. On November 25, the plaintiff notified the superior court to strike the case from the trial calendar. The defendants were notified; they did not object, and the case was not called for trial on the day originally set.

On December 15, the plaintiff filed a motion for a voluntary nonsuit. Shortly thereafter, on December 18, the defendants filed a "REQUEST FOR ADMISSION OF FACTS OR IN THE ALTERNATIVE TO PERPETUATE TESTIMONY AT THE EXPENSE OF PLAINTIFF." The intention of the defendants, as disclosed in their argument before this court, was to obtain from the plaintiff certain admissions of fact relating to the examinations previously made by the three medical experts, or in the alternative, to be allowed to perpetuate the testimony of the medical experts at the expense of the plaintiff.

The plaintiff's motion for voluntary nonsuit and the defendants' "request" came on for hearing in the trial court on January 8, 1962. The following is the order entered by the trial court:

"IT IS HEREBY ORDERED, ADJUDGED AND DECREED that the motion of defendants that the depositions of Drs. James W. Phillips and Clair N. Hamley be taken and that plaintiffs be required to pay to defendants the reasonable expenses

incurred in taking such depositions, including reasonable attorney fee, be granted, and

"IT IS FURTHER ORDERED that in the alternative if stipulation is accomplished between plaintiff and defendant respecting the facts such depositions may disclose, that the matter may be brought to the attention of the court for further order, and

"IT IS FURTHER ORDERED that the motion of plaintiff for voluntary nonsuit and dismissal is denied without prejudice to its being reasserted after the foregoing provisions with respect to taking of depositions and payment of costs and attorney fees are complied with."

The plaintiff has assigned error to the trial court's failure to grant the motion for voluntary nonsuit without prejudice and to the portion of the trial court's order which requires the depositions to be taken at the plaintiff's expense. Argument by the plaintiff has been mainly directed at Rule of Pleading, Practice and Procedure 41.08W, RCW Vol. 0, which provides:

"An action in the superior court, tried either with or without a jury, may be dismissed by the court and a judgment of nonsuit rendered upon the motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case, unless the defendant has interposed a set-off as a defense, or seeks affirmative relief growing out of the same transaction or claim, either legal or equitable, to the specific property or thing which is the subject matter of the action: *Provided,* That the trial judge may thereafter entertain a motion for a voluntary dismissal without prejudice by the plaintiff upon good and sufficient cause in support thereof being first shown, but in such event the granting or refusal of such motion, and the imposition of terms as a condition precedent to the granting of such motion, shall rest in the sound discretion of the trial court."

In the instant case, since the plaintiff's motion was made prior to trial, we are concerned only with the body of Rule 41.08W, the proviso being inapplicable. In *McKay v. McKay,* 47 Wn. (2d) 301, 287 P. (2d) 330 (1955), we stated:

"Under this rule [Rule of Pleading, Practice and Procedure 41.08W], a plaintiff is entitled to a voluntary nonsuit

at any time before he rests at the conclusion of his opening case unless the defendant has interposed a set-off or sought affirmative relief growing out of the same transaction, or set up a counterclaim to the property or thing which was the subject matter of the action. *The plaintiff's right in this respect is absolute and involves no element of discretion on the part of the trial court.*" (Italics ours.)

See, also, *In re Archer's Estate,* 36 Wn. (2d) 505, 219 P. (2d) 112 (1950); *Krause v. Borjessan,* 55 Wn. (2d) 284, 347 P. (2d) 893 (1959).

On the basis of the pleadings, the defendants have not interposed a set-off nor do they counterclaim for any affirmative relief. It is apparently the defendants' argument that their ".REQUEST FOR ADMISSION OF FACTS OR IN THE ALTERNATIVE TO PERPETUATE TESTIMONY AT THE EXPENSE OF PLAINTIFF" was an attempt to obtain affirmative relief, and therefore, the trial court properly exercised its discretion in denying the plaintiff's motion.

The defendants cite *In re Freitas,* 58 Wn. (2d) 400, 363 P. (2d) 385 (1961) and *West & Wheeler Associates, Inc. v. Lochridge,* 58 Wn. (2d) 84, 360 P. (2d) 739 (1961), as authority in support of their position.

In the *Freitas* case the trial court granted the petitioner in a guardian proceeding a voluntary nonsuit without prejudice and without terms. This court held as error the trial court's failure, upon request, to impose terms in favor of the minor's father. Terms were permissible under Rule 41.08W, because the father was seeking affirmative relief, *i.e.,* the custody of his child by his general denial to the petition of the child's aunt which sought permanent custody of the child who was then in her physical custody. The case does not support the defendants' position.

In *West & Wheeler Associates, Inc. v. Lochridge, supra,* the plaintiff's motion for a voluntary nonsuit was made subsequent to the time it rested its opening case. The proviso in Rule 41.08W was applicable and the trial court, therefore, had power to impose terms upon the voluntary nonsuit. The case is not in point.

We hold that neither a request for admissions under

Rule of Pleading, Practice and Procedure 36, RCW Vol. 0, nor the taking of depositions for the perpetuation of testimony under Rule of Pleading, Practice and Procedure 27, RCW Vol. 0, constitutes a request for affirmative relief within the meaning of Rule 41.08W. To hold otherwise would mean that a defendant's engagement in pretrial discovery procedures would render Rule 41.08W unavailable to a plaintiff who desires a voluntary dismissal prior to the time he rests his opening case. The rule was not designed to achieve this result. The trial court, therefore, erred in failing to grant the plaintiff's motion for a voluntary nonsuit without prejudice.

Furthermore, we are of the opinion that the trial court erred in ordering the taking of depositions of the medical experts *at the plaintiff's expense.* The defendants contend that Rule of Pleading, Practice and Procedure 37(c), RCW Vol. 0, permits such an order. That rule provides:

"If a party, after being served with a request under Rule 36 to admit the genuineness of any documents or the truth of any matters of fact, serves a sworn denial thereof and *if the party requesting the admissions thereafter proves the genuineness of any such document or the truth of any such matter of fact, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making such proof, including reasonable attorney's fees.* Unless the court finds that there were good reasons for the denial or that the admissions sought were of no substantial importance, the order shall be made." (Italics ours.)

The above rule does not allow the party requesting the admissions to recover his expenses at the time he takes depositions of persons who testify (favorably to the requesting party) to matters which are in dispute. The rule requires the requesting party to *prove* the truth of the matters for which admission is requested before he may obtain his expenses; and proof is not accomplished merely by taking depositions, unless the truth be admitted by the opposing party.

The order of the trial court is reversed, and the case is

remanded with directions to enter a voluntary nonsuit without prejudice to the plaintiff.

FINLEY, C. J., DONWORTH, OTT, and HAMILTON, JJ., concur.