[No. 1506-1.    Division One—Panel 2.    April 16, 1973.]

ERNEST H. GOIN, *Respondent,* v. RANDI J. GOIN, *Appellant.*

*Harold E. Baily,* for appellant.

*John W. Wold,* for respondent.

WILLIAMS, J.—This is an appeal from a judgment of dismissal wherein the superior court granted a motion for voluntary nonsuit of the divorce action of the plaintiff, Ernest Goin, and denied the defendant, Randi J. Goin, permission to file a counterclaim. The facts, which are undisputed, are these: The parties were married in Canada and have since then resided in Island County, Washington. Randi, a Canadian citizen, entered this country upon a visa, the application for which was accompanied by an affidavit of Ernest stating that he would support his wife while she was in the United States. When Ernest commenced the divorce action, he repudiated the affidavit. Randi moved for temporary support and attorney's fees and answered the complaint, praying that the plaintiff be denied a decree of divorce or, in the alternative, for an equitable division of the property, and for attorney's fee and costs incurred in defense of the action.

On two occasions, at the instance of Randi, Ernest was cited to show cause why he had not paid more than a small portion of the temporary support and attorney's fees. Each time, the court found that Ernest was delinquent but was not in contempt, and reserved disposition of payment until the entry of the final decree.

Following these proceedings, Ernest moved for a voluntary nonsuit. After the filing and service of this motion, but before a notice of the hearing thereon was served upon Randi's counsel, she countered with a motion for leave to file a counterclaim praying that she be granted a divorce. Both motions were noted and heard together and resulted in dismissal of the entire proceedings.

CR 41 is specific that an action will be dismissed upon motion of the plaintiff unless a counterclaim has been pleaded by the defendant prior to service upon him of the motion to dismiss. The plaintiff's right in this respect is absolute and involves no element of discretion on the part of the trial court. *McKay v. McKay,* 47 Wn.2d 301, 287 P.2d 330 (1955); *Studley v. Studley,* 141 Wash. 531, 252 P. 99 (1927); *Herr v. Schwager,* 133 Wash. 568, 234 P. 446 (1925).

The prayer of Randi's answer is:

1. That plaintiff be denied a decree of divorce of and from the defendant.
2. That in the event a decree of divorce is entered, that an equitable distribution of property be made pursuant to the allegations of this answer.
3. That defendant be allowed her attorney's fee and costs incurred in defense of this matter.

She contends that the request for an equitable division of the property constitutes a counterclaim. A counterclaim is defined in RCW 4.32.100 as one which must be "existing in favor of a defendant, and against a plaintiff between whom a several judgment might be had in the action, . . ." A prayer in a divorce action for a division of the property cannot stand alone and be carried to judgment because only in the event a divorce is granted can the property be-

divided. RCW 26.08.110. *Robinson v. Robinson,* 23 Wn.2d 93, 159 P.2d 903 (1945). Therefore, when Randi expressed her primary wish to the court that a divorce not be granted and Ernest moved for a dismissal, the court was powerless to decree a divorce, *Studley v. Studley,* 141 Wash. 531, 252 P. 99 (1927) and, hence, lost jurisdiction to distribute the property.

Randi also contends that because Ernest was in contempt for disobeying the order of the court as to temporary support and attorney's fees, he should not be given affirmative relief by the court. The principle that one who is in contempt of court may not be aided by the court is salutary. Ernest, however, was not found to be in contempt, only delinquent, and the court put off the decision as to what to do about the situation until the final decree. The delinquencies were related to a preliminary order ancillary to the main action and we do not believe they were of a character which would prevent successful application for a voluntary nonsuit if the obligations created by the temporary order are discharged. *Tupper v. Tupper,* 63 Wn.2d 585, 388 P.2d 225 (1964); *Thorndike v. Thorndike,* 1 Wash. Terr. 175 (1861). *See also In re Freitas,* 58 Wn.2d 400, 363 P.2d 385 (1961); *Kempf v. Kempf,* 128 Wash. 228, 222 P. 485 (1924); *Yoder v. Yoder,* 105 Wash. 491, 178 P. 474 (1919).

Finally, Randi contends that she is highly prejudiced by the dismissal because she cannot commence a divorce action herself in Washington, and if she were to return to Canada, the law there would not permit her to divorce for a considerable period of time. Randi is not prejudiced by the fact that the Canadian law, which is presumed just, contains different requirements for divorce than our own. *See Pullman's Palace Car Co. v. Central Transp. Co.,* 171 U.S. 138, 43 L. Ed. 108, 18 S. Ct. 808 (1898). If she wishes to remain in Washington, the separate maintenance statute, RCW 26.08.120, will protect her as much as the divorce statute insofar as maintenance and support are concerned.

The judgment of dismissal will be affirmed conditioned as herein indicated. The precise amount owing to Randi for

temporary support, attorney's fee and costs, if any, shall be determined by the trial court upon application of either party. If the amount so fixed in the order containing such determination is not paid within 15 days, then the judgment is reversed, leave will be given Randi J. Goin to file a counterclaim, and the court shall have full jurisdiction to proceed.

The cost of this appeal, including a reasonable attorney's fee, shall be taxed against the respondent, Ernest H. Goin.

It is so ordered.

HOROWITZ and CALLOW, JJ., concur.