[No. 17873-3-I.  Division One.  March 31, 1986.]

KING COUNTY COUNCIL, *Petitioner,* v. KING COUNTY PERSONNEL BOARD, ET AL, *Respondents.*

*Norm Maleng, Prosecuting Attorney,* and *Ann Schindler, Deputy,* for petitioner.

---

[4]Judge Corbett had indicated his concurrence prior to his death February 8, 1986.

*Norm Maleng, Prosecuting Attorney,* and *James Brewer, Deputy,* for respondent Personnel Board.

*Mary Ruth Mann,* for respondent Hitch.

PER CURIAM.—The King County Council has filed a motion for discretionary review of a trial court decision denying the Council's motion for a voluntary nonsuit pursuant to CR 41(a)(1) of a writ of review proceeding instituted by the Council. The trial court determined that CR 41 did not apply and that its decision on the motion to dismiss was discretionary rather than mandatory. We grant review, reverse, and remand for dismissal of the action.

■■ The writ of certiorari is a special proceeding authorized by RCW 7.16. RCW 7.16.340 provides:

Except as otherwise provided in this chapter, the provisions of the code of procedure concerning civil actions are applicable to and constitute the rules of practice in the proceedings in this chapter.

There are no other provisions in RCW 7.16 governing voluntary dismissal of these special proceedings. CR 81(a) makes the Superior Court Civil Rules specifically applicable to special proceedings except where they are inconsistent with other rules or statutes governing such actions. Under somewhat analogous circumstances, the Supreme Court has applied the predecessor to CR 41(b) to certiorari proceedings. *See State ex rel. L.L. Buchanan & Co. v. State Pub. Serv. Comm'n,* 39 Wn.2d 706, 237 P.2d 1024 (1951). A plaintiff in a civil action has an absolute right to dismissal under CR 41. *Goin v. Goin,* 8 Wn. App. 801, 508 P.2d 1405 (1973).

Hitch argues that, because the record has been certified to the superior court, the Council has "rested" its case within the meaning of CR 41(a)(2) and may therefore obtain a dismissal only as a matter of discretion. We do not agree. The plaintiff's case may or may not consist of additional presentation. However, it is clear that plaintiff has not "rested".

Discretionary review of a superior court decision is war-

ranted if the court's decision is obvious error which would render further proceedings useless. RAP 2.3(b)(1). The superior court decision in the this instance is obvious error and review is therefore granted.

Because the issue presented on review is solely one of law and the record in this court for the motion for discretionary review is adequate for determination of the issue, we decide the appeal on the grounds stated.

Reversed and remanded with instructions to dismiss the writ of review proceeding.