[Nos. 32876-0-I; 34070-1-I.    Division One.    July 3, 1995.]

*In re the Marriage of* DELMAS GLENN PARKER,
*Appellant, and* SANDRA KIM PARKER, *Respondent.*

*Delmas Parker Green, pro se, Washington Appellate Project* and *Cheryl Marie Leppla, Guardian Ad Litem*, for appellant.

*Julian 'Jay' Joseph Nuxoll, Guardian Ad Litem*, for respondent.

COLEMAN, J. — Delmas Parker, petitioner in a dissolu-

tion action, appeals: (1) the trial court's order vacating his voluntary dismissal of the petition, arguing that his right to voluntary dismissal was absolute under CR 41; and (2) the trial court's order finding him in contempt for failure to comply with the temporary support order, arguing that the court lacked jurisdiction to enter the contempt order because the case had already been dismissed. We affirm.

On September 9, 1992, Delmas Parker filed a petition for dissolution. On December 15, Sandra Parker filed a response, admitting the allegation in the petition that the marriage was irretrievably broken. The response noted that she did not agree with or join in the petition and requested spousal maintenance, child custody, a parenting plan, and an alternative division of property. A temporary support order was entered on December 23 requiring Delmas to make maintenance payments until the matter could be heard.

On January 25, 1993, Delmas, acting pro se, presented a motion to dismiss ex parte, which was granted and signed by a pro tem commissioner. Neither Sandra nor her attorney were given notice of the motion or the order.

On February 26, Sandra obtained an order to show cause why Delmas should not be held in contempt for failure to comply with the temporary support order. On March 1, Delmas filed a motion to quash the order to show cause, apparently for the reason that the case had been dismissed on January 25.[1] The motion was denied on the ground that Sandra had filed counterclaims in her response. At the show cause hearing on March 30, Delmas moved to dismiss. The court denied the motion, ruling that Sandra's counterclaims prevented dismissal. Delmas was found in contempt of the temporary support order and was ordered to jail for five days.

On April 28, Delmas requested a stay of the contempt order and set a hearing for May 11 to revise the order. At

---

[1]The grounds for the motion do not appear in the record, but the court's reason for denying the motion ("there is a counterclaim") indicates that Delmas argued that the case had already been voluntarily dismissed.

the hearing, Delmas moved to revise on the ground that the case had been dismissed. The court denied the motion and ordered him to jail for five days starting on June 10, unless he paid $1,500 or perfected an appeal.

On June 9, Delmas filed a notice of appeal to the Court of Appeals, challenging several orders, including the March 30 order of contempt. Meanwhile, the parties prepared for trial on September 22 but discovered that the trial date had been stricken from the calendar because of the January 25 order of dismissal. Sandra therefore moved to vacate the dismissal order under CR 60. The court granted the motion on October 25, finding that the dismissal was improperly obtained without notice to Sandra because Sandra had filed counterclaims.

On November 8, 1993, Delmas filed another notice of appeal, challenging the order vacating the dismissal. On March 30, 1994, this second appeal was consolidated with the first.

We first consider whether the trial court erred by vacating the January 25 order of dismissal. The trial court vacated the dismissal under CR 60, finding the order to have been "improperly obtained", because voluntary dismissal was unavailable to Delmas without Sandra's prior notice and consent. Delmas responds that his right to voluntary dismissal in this case was absolute.

■■ A plaintiff's right to voluntary dismissal is governed by CR 41(a)(1)(B), which provides for mandatory dismissal upon motion by plaintiff at any time before the conclusion of his or her opening case. CR 41(a)(1)(B)(3) conditions this right: "If a counterclaim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion for dismissal, the action shall not be dismissed against the defendant's objection[.]" Sandra's response contains requests for spousal maintenance, child support, a parenting plan, and an alternative division of property. The issue is therefore whether these requests are counterclaims within the meaning of CR 41(a)(1)(B)(3). We hold that they are.

A counterclaim is defined as "any claim which at the time of the serving of the pleading the pleader has against any opposing party, if it arises out of the transaction or occurrence that is the subject matter of the opposing party's claim and does not require for its adjudication the presence of third parties[.] " CR 13(a). Sandra's requests for spousal maintenance, child support, a parenting plan, and an alternative division of property constitute claims against Delmas arising out of the subject matter of his petition. As such, they are the functional equivalent of counterclaims. Delmas points out that Sandra did not label these requests as counterclaims. This is explained by the special pleading rules applicable in a dissolution proceeding.

RCW 26.09.010(4) states: "The initial pleading in all proceedings under this chapter shall be denominated a petition. A responsive pleading shall be denominated a response". RCW 26.09.006 requires use of approved forms in filing pleadings. In this case, Sandra's response was made on an approved response form with no heading for counterclaims. In the context of a case such as this, the approved form makes sense. A rule requiring a respondent to file a counterpetition alleging what is already in the response would in turn require a response from the original petitioner, who would merely repeat the allegations of the original petition. In the context of a no-fault dissolution proceeding, such a process, where it is acknowledged that the marriage is irretrievably broken, would be duplicative and superfluous.

We note that the policy behind CR 41 supports a finding that Sandra filed counterclaims. The purpose of the rule is to allow voluntary dismissal by the plaintiff only when no other party will be prejudiced. 9 Charles Wright and Arthur Miller, *Federal Practice and Procedure*, § 2362 (1994). In this case, Sandra had several important interests at stake when the case was dismissed without her consent.

A temporary support order had been entered by the court before the dismissal. Pursuant to this order, Sandra

was entitled to receive maintenance payments according to the demands in her response. Furthermore, Sandra admitted that the marriage was irretrievably broken. In the case of such an admission, RCW 26.09.030(1) provides that, after 90 days from the filing of the petition, the court shall enter a decree of divorce. Here, the 90-day period had run by December 9. Therefore, before Delmas dismissed this case, Sandra had become entitled to a dissolution decree. *See In re Marriage of Little*, 96 Wn.2d 183, 189, 634 P.2d 498 (1981) (parties to a dissolution become entitled to a decree after prescribed period runs).

Delmas relies on *Goin v. Goin*, 8 Wn. App. 801, 508 P.2d 1405 (1973). In *Goin*, the respondent answered the petitioner's complaint and moved for temporary support and attorney fees, praying that petitioner be denied a decree of divorce, or, in the alternative, that there be an equitable division of the property. The court allowed dismissal to the petitioner under CR 41, holding that "when [respondent] expressed her primary wish to the court that a divorce not be granted and [petitioner] moved for a dismissal, the court was powerless to decree a divorce and, hence, lost jurisdiction to distribute the property". (Citations omitted.) *Goin*, at 803.

In an attempt to bring this case within the rule in *Goin*, Delmas puts great emphasis on the following statement in Sandra's response: "I do not agree with or join in the petition". Delmas contends that by making this statement, Sandra declares her primary wish that the dissolution be denied. We disagree. Sandra indicates her intent to have the marriage dissolved by admitting that the marriage is irretrievably broken. By operation of RCW 26.09.030(1), this admission has the effect of making a dissolution decree mandatory so long as there is a petition before the court.

Sandra's intent that the dissolution be granted is further clarified by her affirmative requests for relief, which include spousal maintenance, child support, a parenting plan, and an alternative division of property. In light of

the context provided by other parts of her response, it is clear that Sandra's refusal to join in the petition refers to the requested terms of the dissolution, not the granting of it. Therefore, unlike the court in *Goin*, the trial court in this case was not powerless to decree a dissolution. In summary, Sandra's response admits that the marriage is irretrievably broken and, thus, should be dissolved and makes affirmative requests for relief as a part of the dissolution. We hold that, under these circumstances, her response constitutes counterclaims sufficient to bar voluntary dismissal by the petitioner under CR 41. We therefore affirm the vacation of the dismissal.

We next address the issue whether the trial court erred by finding Delmas in contempt from January 1 through March 30 for failure to comply with the temporary support order. Delmas's arguments rest wholly on the premise that he had an absolute right to a voluntary dismissal of the case. Having already disposed of that premise, we need not review those arguments now.[2] We do, however, note the following circumstances of the contempt finding. In arguing to the trial court against a finding of contempt, Delmas raised the issue of the dismissal on at least three separate occasions. On each occasion the court dismissed his arguments, explaining that Sandra had filed counterclaims. Delmas was on notice that the dismissal was erroneous. Therefore, any reliance by Delmas on the dismissal as providing grounds for failure to comply with the support order was not reasonable. We affirm the contempt order.

BAKER, C.J., and KENNEDY, J., concur.

Reconsideration denied August 9, 1995.

Review denied at 128 Wn.2d 1016 (1996).

---

[2]Delmas cites *Cork Insulation Sales Co. v. Torgeson*, 54 Wn. App. 702, 705, 775 P.2d 970, *review denied*, 113 Wn.2d 1022 (1989) (court has no jurisdiction to assess terms on defendant where case already voluntarily dismissed). We find *Torgeson* inapplicable here, as it did not involve an erroneous order of dismissal.