[No. 15043–0–I.   Division One.   June 9, 1986.]

*In the Matter of the Marriage of* SUNRAE LYN LOW,
*Appellant, and* ROBERT JAMES LOW,
*Respondent.*

*Jerry R. Kimball* and *Kimball & Garrison,* for appellant.

*Gary L. Brown* and *Ordell, Lawrie & Brown,* for respondent.

RINGOLD, A.C.J.—Sunrae Lyn Low requests a remand for hearing on whether she was entitled to attorney's fees after her ex–husband voluntarily dismissed his petition seeking to modify the custody provisions of a decree of dissolution.

The marriage of appellant, Sunrae Low, to respondent, Robert Low, was dissolved by a decree of dissolution dated July 8, 1981. The decree awarded child custody to Sunrae and granted Robert reasonable rights of visitation.

On December 6, 1983, Robert filed a petition seeking to modify the custody provisions of the decree. He sought custody of the parties' minor child, Heidi. A trial date was set for May 8, 1984. The parties appeared for trial repeatedly, but no judges were available on the trial calendar for May 8, 9, or 10.

On May 11, Robert moved to dismiss his petition pursuant to CR 41(a). In response, Sunrae moved for attorney's fees, or in the alternative, to set a hearing on attorney's fees. In conjunction with her motion, Sunrae submitted an affidavit of fees, an affidavit of professional costs and a statement of deposition costs and fees incurred.

The matter was heard, and the motion was granted. The order of dismissal entered provided in pertinent part:

Ordered, adjudged and decreed that this action is dismissed without prejudice. Issues reserved for later determination are: (a) Whether fees should be awarded; and (b) If so, in what amount.

Robert then filed a motion for reconsideration. On June 22, 1984, the court entered the following order:

Ordered, adjudged and decreed that Robert Low's Motion for Reconsideration is granted and the Order of Dismissal previously entered herein is modified by deleting that portion of the Order that reserved the issue of attorney's fees to a later date, and it is further

Ordered, adjudged and decreed that Robert Low's Motion for Voluntary Non–Suit is hereby unconditionally granted, without prejudice, and this modification action, and all matters attendant thereto, is completely dismissed.

Sunrae appeals this order and seeks a remand for a hearing

on whether attorney's fees should have been awarded.

### ATTORNEY'S FEES AT TRIAL COURT LEVEL

The case presents the court with the question of whether a trial court loses jurisdiction to award attorney's fees pursuant to RCW 26.09.140 and 26.09.260 (2) when a petitioning party in a custody modification proceeding moves for a voluntary dismissal pursuant to CR 41(a).[1] RCW 26.09.140 provides in part:

> The court from time to time after considering the financial resources of both parties may order a party to pay a reasonable amount for the cost to the other party of maintaining or defending any proceeding under this chapter [The Uniform Marriage and Divorce Act] and for reasonable attorney's fees or other professional fees in connection therewith, including sums for legal services rendered and costs incurred prior to the commencement of the proceeding or enforcement or modification proceedings after entry of judgment.

Under the terms of this statute, the award of attorney's fees rests within the sound discretion of the trial court, which must balance the financial needs of the spouse requesting them with the ability of the other spouse to pay. *Kruger v. Kruger,* 37 Wn. App. 329, 333, 679 P.2d 961 (1984); *In re Marriage of Melville,* 11 Wn. App. 879, 882, 526 P.2d 1228 (1974).

With regard to petitions to modify a child custody decree, RCW 26.09.260(2) provides:

> If the court finds that a motion to modify a prior custody order has been brought in bad faith, the court shall assess the attorney's fees and court costs of the custodian against the petitioner.

---

[1] CR 41(a) states in part:

"**Voluntary Dismissal.**

"(1) *Mandatory.* Subject to the provisions of rules 23(e) and 23.1, any action shall be dismissed by the court:

"(A) By stipulation. When all parties who have appeared so stipulate in writing; or

"(B) By plaintiff before resting. Upon motion of the plaintiff at any time before plaintiff rests at the conclusion of his opening case."

To be successful in requesting attorney's fees under this statute, a party need only show that the motion to modify was brought in bad faith. The court does not balance the parties' financial needs and abilities to pay. RCW 26.09.140.

Sunrae Low contends that the court erred in failing to consider her request for attorney's fees after her ex-husband, Robert, voluntarily dismissed his petition for custody modification. She argues that the language of RCW 26.09.140 clearly evidences the Legislature's intent that a voluntary dismissal not be allowed to defeat the court's jurisdiction to award attorney's fees under the statute. Furthermore, she notes that RCW 26.09.260(2) expresses a strong public policy against vexatious custody modification petitions that would be thwarted if the petitioning party could avoid the sanction of the statute by making a motion for voluntary dismissal.

Robert Low argues that his right to take a voluntary dismissal prior to the commencement of litigation on the issues is absolute. CR 41(a). Furthermore, he asserts that Sunrae has failed to cite any authority for her position and, therefore, this court cannot consider the issue. *Transamerica Ins. Group v. United Pac. Ins. Co.,* 92 Wn.2d 21, 29, 593 P.2d 156 (1979).

Robert's reliance on *Transamerica Insurance* is misplaced. In that case, the court refused to consider a party's contention where the party cited a statute, but failed to provide either argument or citation to authority. *Transamerica Insurance,* at 29. Sunrae has provided ample argument in her brief to warrant this court's review of the issue.

Robert is correct that his right to voluntarily dismiss his petition in the circumstances of this case was absolute. CR 41(a); *McKay v. McKay,* 47 Wn.2d 301, 304, 287 P.2d 330 (1955); *Goin v. Goin,* 8 Wn. App. 801, 802, 508 P.2d 1405 (1973). The existence, however, of the absolute right under CR 41(a) does not insulate him from the provisions of RCW 26.09.140 and 26.09.260(2).

Though the general rule is that a court loses jurisdiction of a case after an order of dismissal has been entered, the

courts have recognized that this rule is not absolute and is not followed when to do so would be manifestly unjust. *In re Marriage of Firchau*, 88 Wn.2d 109, 113, 558 P.2d 194 (1977); *Seals v. Seals*, 22 Wn. App. 652, 657–58, 590 P.2d 1301 (1979). Invocation of this exception is even more imperative where statutory rights exist that were intended to protect a financially weaker party from the expense of costly litigation or vexatious custody disputes. RCW 26.09-.140; .260(2). To enable a party to avoid the import of these statutes by voluntarily dismissing his case would defeat their intent and potentially result in injustice. Accordingly, this court holds that a petitioning party in a custody modification dispute may not avoid liability for the other party's attorney's fees under RCW 26.09.140 or 26.09.260(2) by simply dismissing his petition pursuant to CR 41(a). In light of the foregoing analysis, this court does not consider Sunrae's claim that the trial court had jurisdiction to award attorney's fees under equitable principles. We remand this case for determination of whether Sunrae should receive attorney fees under RCW 26.09.140 or 26.09.260(2).

## ATTORNEY'S FEES ON APPEAL

Sunrae Low has also requested attorney's fees on appeal. RCW 26.09.140 provides in part that:

> Upon any appeal, the appellate court may, in its discretion, order a party to pay for the cost to the other party of maintaining the appeal and attorney's fees in addition to statutory costs.

In determining whether attorney's fees should be awarded, the needs of the requesting party must be balanced with the other party's ability to pay. *Chapman v. Perera*, 41 Wn. App. 444, 455, 704 P.2d 1224 (1985); *In re Marriage of Campbell*, 37 Wn. App. 840, 846, 683 P.2d 604 (1984); *In re Marriage of Young*, 18 Wn. App. 462, 466, 569 P.2d 70 (1977). Since this appeal was necessary for Sunrae to assert her right to a hearing on the issue of attorney's fees at the trial court level, she may be entitled to attorney's fees on appeal. In the circumstances of this case,

however, the trial court would be better able to assess the equities involved in determining whether attorney's fees should be awarded and, if so, in what amount. *In re Marriage of Dalthorp,* 23 Wn. App. 904, 912, 598 P.2d 788 (1979). Accordingly, this issue is likewise remanded for hearing. RAP 18.1(e).

The trial court's order is vacated and the case remanded to the Superior Court for further proceedings consistent with this opinion.

WILLIAMS and WEBSTER, JJ., concur.

Review denied by Supreme Court September 2, 1986.