# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ERIC CHASTAIN, | No. 50456-1-II |
| Appellant, | |
| v. | |
| STEPHANIE CHASTAIN, n.k.a. STEPHANIE CHILDRESS, | UNPUBLISHED OPINION |
| Respondent. | |

Eric Chastain appeals the superior court's order awarding attorney fees to Stephanie Childress (formerly Chastain) several months after a final order dismissing a relocation action was entered. Chastain argues that the superior court improperly applied the manifest injustice exception to the general rule that the court loses jurisdiction after an order of dismissal is entered.[1] We agree that the trial court improperly applied the manifest injustice exception and lacked jurisdiction to enter the order granting attorney fees to Childress.[2] Accordingly, we reverse.

---

[1] After repeated notices and sanctions, Childress has still failed to file a Respondent's brief or participate in this appeal. Accordingly, no Respondent's brief has been filed in this case.

[2] Chastain also argues that the superior court erred by (1) finding that Childress had financial need, (2) Chastain had the ability to pay, and (3) excluding a letter written by Childress's mother as hearsay. Because the superior court did not have jurisdiction to enter the order awarding attorney fees and we reverse on that ground, we do not address Chastain's additional arguments.

FACTS

Chastain and Childress have a child in common. They parent under a parenting plan entered in January 2011. In August 2016, Chastain served Childress with a notice of intent to relocate. Childress objected to the relocation. In November, Childress filed her brief in opposition and included a CR 12(b)(6) motion to dismiss. Childress's brief also contained a request for attorney fees.

The superior court granted Childress's motion to dismiss. The final order dismissing the relocation action was entered in December 2016. The order of dismissal, drafted by Childress, did not reserve the issue of attorney fees.

In March 2017, Childress filed a motion requesting attorney fees based on RCW 26.09.140. Chastain opposed attorney fees and argued that the superior court no longer had jurisdiction over the action because a final order of dismissal had been entered. The superior court recognized that it would generally lose jurisdiction upon entering an order of dismissal but relied on the manifest injustice exception in *In re Marriage of Low*[3] to justify entering an order awarding Childress attorney fees. The superior court interpreted the manifest injustice exception as based on the comparative financial positions of the parties and, because Childress had financial need, it would be a manifest injustice not to entertain her motion for attorney fees.

The superior court compared the parties' incomes, determined that Childress had financial need and Chastain had the ability to pay, and awarded Childress attorney fees. The superior court specifically found that Chastain was not intransigent or acting in bad faith.

---

[3] 44 Wn. App. 6, 720 P.2d 850, *review denied*, 106 Wn.2d 1015 (1986).

Chastain appeals the order awarding Childress attorney fees.

ANALYSIS

Chastain argues that the superior court improperly applied the manifest injustice exception to the rule that an order of dismissal terminates the court's jurisdiction over a matter. Generally, we review a superior court's order awarding attorney fees for an abuse of discretion. *In re Marriage of Zeigler*, 69 Wn. App. 602, 609, 849 P.2d 695 (1993). However, we review issues of law, such as jurisdiction, de novo. *City of Spokane v. County of Spokane*, 158 Wn.2d 661, 681, 146 P.3d 893 (2006).

As the superior court correctly recognized, "the general rule is that a court loses jurisdiction of a case after an order of dismissal has been entered." *In re Marriage of Low*, 44 Wn. App. 6, 9, 720 P.2d 850, *review denied*, 106 Wn.2d 1015 (1986). However, "this rule is not absolute and is not followed when to do so would be manifestly unjust." *Id.* at 10. "Invocation of this exception is even more imperative where statutory rights exist that were intended to protect a financially weaker party from the expense of costly litigation or vexatious custody disputes." *Id*.

Here, the superior court interpreted the language in *Low* to mean that, if the party moving for attorney fees has financial need, the manifest injustice exception allows the court to enter an order it otherwise would not have jurisdiction to enter. We disagree with this overly broad interpretation of *Low*. The manifest injustice exception should be invoked only when necessary "*to protect* a financially weaker party," not simply because there is a financially weaker party.[4] *Id.* (emphasis added).

---

[4] We also note that CR 54(d)(2) requires a motion for attorney fees to be brought no later than 10 days after entry of judgment.

Here, Childress was not in need of the superior court's protection. Childress was primarily responsible for incurring her attorney fees by waiting months, until immediately before trial, to move to dismiss the relocation action. Childress was responsible for failing to ask the superior court to rule on her original motion for attorney fees. And Childress was responsible for failing to reserve the issue of attorney fees in the order of dismissal, which she drafted. Moreover, the superior court specifically found that Chastain did not act intransigently or bring the relocation action in bad faith. Accordingly, there is no manifest injustice in enforcing the rule that the superior court lost jurisdiction over the matter when the order of dismissal was entered.

Our analysis is supported by the three cases which applied the manifest injustice exception. As Chastain correctly points out, these cases all invoke the manifest injustice exception because the party responsible for attorney fees acted in bad faith or used dismissal to improperly attempt to avoid an award of attorney fees against him. In *Low*, the husband petitioned for modification of a parenting plan, and after several months, voluntarily dismissed the petition. 44 Wn. App. at 7. The superior court originally reserved the issue of attorney fees but, after a motion for reconsideration, dismissed the case without considering the wife's request for attorney fees. *Id.* at 7-8. Division I of this court invoked the manifest injustice exception because "[t]o enable a party to avoid the import of [the attorney fees statutes] by voluntarily dismissing his case would defeat their intent and potentially result in injustice." *Id.* at 10. But the reasoning in *Low* does not apply here because Childress brought the motion to dismiss, not Chastain.

Similarly, in *Seals v. Seals*, 22 Wn. App. 652, 655, 657-58, 590 P.2d 1301 (1979), the court invoked the manifest injustice exception in a case where the wife brought a partition action against

property her husband had concealed in bad faith during their dissolution. Here, however, the superior court specifically found that Chastain did not act in bad faith.

And in *In re Marriage of Firchau*, 88 Wn.2d 109, 113, 558 P.2d 194 (1977), our Supreme Court invoked the manifest injustice exception when a husband and wife reconciled during their dissolution and used another attorney to dismiss the action in order to avoid paying attorney fees to the wife's original attorney. Here, there was no collusion or scheme to avoid paying attorney fees.

Read together, *Low*, *Seals*, and *Firchau* demonstrate that the manifest injustice exception is invoked only when dismissal operates to harm an innocent party and reward a party acting in bad faith to manipulate a dismissal in order to avoid his or her legal obligations. As *Low* stated, the manifest injustice exception is used when necessary to protect a party. 44 Wn. App. at 10. Here, it was Childress's own actions that resulted in dismissal of the case without consideration of her request for attorney fees. Therefore, invocation of the manifest injustice exception is inappropriate and unnecessary. Accordingly, the superior court did not have jurisdiction to consider Childress's motion for attorney fees or enter an order awarding Childress her attorney fees. We reverse the superior court's order awarding Childress attorney fees.

ATTORNEY FEES ON APPEAL

Chastain also requests attorney fees on appeal. Chastain asserts, "Given the significant errors that the trial court made, Appellant requests that the Court of Appeals grant him an award of attorney fees against Respondent pursuant to Rule of Appellate Procedure 18.1." Br. of App. at 21.

No. 50456-1-II

RAP 18.1 allows a party to request attorney fees on appeal if allowed by applicable law. However, Chastain has not identified any legal basis for an award of attorney fees. Accordingly, we deny his request for attorney fees on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Lee, J.

We concur:

Johanson, J.

Maxa, C.J.