# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| In the Matter of the Marriage of: | |
| ANDREW A. COOPER, | No. 55473-9-II |
| Respondent, | |
| v. | |
| RENAE A. COOPER (n/k/a GRADY), | UNPUBLISHED OPINION |
| Appellant. | |

CRUSER, A.C.J. – Andrew Cooper and Renae Grady had two children together during their marriage, which ended in 2015. Under their most recent parenting plan, Cooper and Grady took turns with their children each week, with Cooper residing in Tacoma and Grady residing in Australia. But, at the beginning of the COVID-19 pandemic, Australia implemented strict travel restrictions. The parties entered into a CR 2A agreement in September 2020 that required Grady to return the children to Tacoma at the beginning of January 2021, but, in December 2020, she filed a petition for modification of the parenting plan, seeking to keep the children longer. The trial court found that there was not adequate cause to modify the parenting plan, granted Cooper's motion to enforce the CR 2A agreement, and awarded attorney fees to Cooper. Grady appeals, arguing that the trial court erred in (1) dismissing her petition for modification, (2) ordering the

parties to attend mediation prior to future petitions for modification, and (3) awarding attorney fees to Cooper. Cooper requests attorney fees on appeal.

We hold that (1) the trial court's orders denying Grady's motions for revision and for reconsideration are moot, (2) the trial court did not abuse its discretion in awarding attorney fees to Cooper, and (3) Cooper is entitled to attorney fees on appeal. Accordingly, we decline to address Grady's challenges to the trial court's orders denying her motion for revision and for reconsideration, and we affirm the trial court's order awarding attorney fees to Cooper. In addition, we award attorney fees to Cooper on appeal.

FACTS

Cooper and Grady were married for ten years and had two children together. Both parties have remarried since their divorce and have children with their current spouses. Cooper, his wife, and their children live in Tacoma, and Grady's husband and their child live in Australia.

Grady is a flight attendant and, prior to the COVID-19 pandemic, traveled between Australia and Tacoma every week to spend equal time with her children. The most recent parenting plan between Cooper and Grady, filed with the court in February 2020 (February 2020 Parenting Plan), reflects this arrangement in a "week-on/week-off schedule." Clerk's Papers (CP) at 94. Under this plan, each parent has the children for one week at a time, with three consecutive weeks for spring break and four consecutive weeks for summer vacation. The children were scheduled to have spring break with Grady on March 13, 2020. She had tried to make arrangements for a rental home in Tacoma, but it was not available by March 13. The children had been notified that they would be in school remotely for five weeks, so Grady brought the children to Australia. However, the children were unable to travel back to Tacoma due to Australia's COVID-19 travel restrictions.

The children traveled to Cooper in Tacoma on June 5, 2020. The parties attended mediation in September 2020 to determine a schedule going forward. After mediation, they entered into a CR 2A Agreement (September 2020 CR 2A Agreement) which included that the children would travel to Australia on November 13, 2020 and return to Cooper in Tacoma on January 2, 2021. The agreement was "made to accommodate the mother and [COVID-19] restrictions implemented by the Australian Government." *Id.* at 120. The agreement also provided that "in the event either party is forced to move this Court for an Order enforcing this agreement as a result of the other [party's] conduct, the prevailing party shall be entitled to court costs and reasonable attorney's fees and costs." *Id.* at 122. The September 2020 CR 2A Agreement was filed with the superior court.

On December 14, 2020, Grady petitioned for modification of the February 2020 Parenting Plan. In her petition, Grady stated, "[d]ue to the ongoing COVID-19 pandemic, and the current restrictions issued by the country of Australia, the parenting plan is unworkable." *Id.* at 128. Under her proposed plan, the children would stay with her in Australia until March 28, 2021, then with Cooper until the summer schedule. After the children's time with Cooper, the summer schedule would allow each parent four consecutive weeks with the children, and then the same week on/week off schedule would resume after summer 2021. In response to Grady's petition, Cooper argued that the parties entered into the September 2020 CR 2A agreement to address COVID-19 travel restrictions and asked the court to enforce the agreement. Grady sought and obtained a restraining order allowing the children to stay with her pending the next hearing.

On January 12, 2021, the court commissioner found that there was not adequate cause to hold a hearing on Grady's petition because she had "not established a substantial change in

circumstances" since the parties entered into the September 2020 CR 2A agreement. *Id.* at 312. The commissioner ordered Grady to return the children to Cooper by January 15, but that Grady would not be in contempt if she filed a motion for revision noted for the earliest possible date.

The commissioner denied Cooper's request for attorney fees based on denial of adequate cause "since Ms. Grady has indicated she will be filing a motion for revision. Pursuant to local court rules, the assigned department has the power to award fees to a prevailing party, without motion. PCLR 7 (12) (D)." *Id.* at 313. In addition, Cooper's request for attorney fees based on enforcement of the September 2020 CR 2A Agreement was denied; "[h]owever, if Mr. Cooper files a Motion to enforce the CR 2 A before the assigned department, the issue is reserved for that department." *Id.*

Grady moved for revision of the commissioner's order on adequate cause and Cooper moved to enforce the CR 2A agreement. Both motions were heard on January 22. The trial court denied Grady's motion for revision because it found that there was not adequate cause. "The issues of travel restrictions, including those of quarantine upon return to Australia, were known to all parties when they entered the CR2A, which appears to be entered to specifically address the same issues." *Id.* at 436. Grady was ordered to return the children to Cooper in Tacoma because "the CR 2A Agreement signed by the parties and their counsel on September 22, 2020 is enforceable, and it shall be enforced." *Id.* at 535.

The court also granted Cooper's motion to enforce the September 2020 CR 2A Agreement and awarded fees to Cooper "in seeking enforcement of the CR 2A Agreement and in responding to Ms. Grady's current Petition and Motions. This award of attorney's fees is based upon the provisions of the CR 2A, which require an award of attorneys' fees and costs." *Id.* at 437. Of the

$29,500.51 Cooper requested, the court awarded $14,437.11 in attorney fees. The court did not award fees for responding to the motion for reconsideration, preparation of the temporary restraining order hearing, administrative work, or the cost of the transcript from the adequate cause hearing. The court found that the remaining fees were reasonable.

Grady filed a motion for reconsideration, which the trial court denied. She appeals the trial court's orders denying her motions for revision and for reconsideration, granting Cooper's motion to enforce the September 2020 CR 2A Agreement, and the order awarding attorney fees to Cooper.

## DISCUSSION

### I. MOOTNESS

Cooper argues that Grady's request for this court to reinstate her petition is moot because the changes she sought were for a time period that has already passed. Grady argues that her "true request" was to modify the week on/week off schedule from the February 2020 Parenting Plan "for as long as needed." Reply Br. of Appellant at 1. We hold that review of the trial court's orders denying Grady's motion for revision and for reconsideration are moot.

A. LEGAL PRINCIPLES

" 'A case is moot if a court can no longer provide effective relief.' " *In re Marriage of Horner*, 151 Wn.2d 884, 891, 93 P.3d 124 (2004) (quoting *Orwick v. City of Seattle*, 103 Wn.2d 249, 253, 692 P.2d 793 (1984)). Generally, we will not review a moot case. *Id.* "This is to avoid the danger of an erroneous decision caused by the failure of the parties, who no longer have an existing interest in the outcome of a case, to zealously advocate their position." *Orwick*, 103 Wn.2d at 253.

B. ANALYSIS

Grady's petition sought to extend her time with the children until March 28, 2021 and, after the summer schedule where the parties each get the children for four consecutive weeks, "[t]he parties shall alternate the children on a week-on/week off schedule." CP at 137. This "week-on/week off schedule" comes from the February 2020 Parenting Plan. *Id.* at 94. In fact, the remaining portions of the proposed parenting plan that Grady submitted with her petition to modify are identical to the February 2020 Parenting Plan, with two exceptions for specific years. *See Id.* at 138 ("For 2021 only, the first four-week block shall be spent with the mother. The second four-week block shall be spent with the father.") and *Id.* at 95 (with a section for "Winter Vacation 2018"). Aside from these two sections, Grady's proposed parenting plan has the same language from the February 2020 Parenting Plan for the summer schedule and holiday schedule.

By its own terms, Grady's proposed parenting plan has become moot because it sought to modify the arrangements through summer 2021, and that period has passed.[1] We cannot grant her the relief she sought in proposing that parenting plan along with her petition for modification.

---

[1] Further, on April 8, 2021, the parties entered another CR 2A agreement which outlined a temporary modification to the residential schedule. "[O]n Friday September 10, 2021, the parties will revert to the normal residential schedule contained in their [February 2020] Parenting Plan." CP at 796.

Therefore, her challenges to the trial court's orders regarding her petition for modification are moot, and we decline to address them.[2]

## II. AWARD OF ATTORNEY FEES AT TRIAL COURT

Grady argues that the trial court erred in awarding attorney fees to Cooper for responding to Grady's petition for modification because the trial court did not make a finding of bad faith, as required by RCW 26.09.260(13). Cooper argues that the trial court did not need to find bad faith in order to award him attorney fees and that he was entitled to an award under a provision of the September 2020 CR 2A agreement. We agree with Cooper.

We review de novo whether there is a legal basis for awarding attorney fees, and we review a trial court's decision to award attorney fees, and the reasonableness of the award, for an abuse of discretion. *Gander v. Yeager*, 167 Wn. App. 638, 647, 282 P.3d 1100 (2012).

Cooper sought $29,500.51 in attorney fees, but the court did not award fees for responding to the motion for reconsideration, preparation of the temporary restraining order hearing, administrative work, or the cost of the transcript from the adequate cause hearing. The trial court awarded $14,437.11 of the fees that Cooper requested, as they appeared reasonable to the court.

Under RCW 26.09.260(13), "[i]f the court finds that a motion to modify a prior decree or parenting plan has been brought in bad faith, the court shall assess the attorney's fees and court

---

[2] Grady argues that the trial court erred by ordering the parties to attend mediation if they cannot informally agree on future adjustments "as required by their current Parenting Plan." *Id.* at 536. Although the trial court's order may have been inartful, as the 2020 Parenting Plan required mediation only if the parties disagreed on shared decisions or the terms of the plan, it is clear that the trial court was attempting to address issues arising from COVID-19, where the parties may seek minor adjustments to accommodate restrictions. Grady's argument does not persuade us that the trial court's order closes the courthouse doors to future petitions for modification, and we cannot conclude that the order was erroneous.

costs of the nonmoving parent against the moving party." Grady argues that the trial court abused its discretion when it awarded fees to Cooper without a finding that her petition to modify was brought in bad faith. Although bad faith is required for an award under RCW 26.09.260(13),[3] the trial court explained that the award of attorney's fees incurred in seeking enforcement of the CR 2A Agreement and in responding to Grady's petition and motion for revision "is based upon the provisions of the CR 2A, which require an award of [attorney's] fees and costs." CP at 536. The September 2020 CR 2A Agreement provides: "It is hereby further agreed by the parties that in the event either party is forced to move this Court for an Order enforcing this agreement as a result of the other [party's] conduct, the prevailing party shall be entitled to court costs and reasonable attorney's fees and costs." CP at 122. Because the court based the fee award on this provision, it was not an abuse of discretion for the court to award fees without a finding of bad faith.

Grady maintains that she was in compliance with the September 2020 CR 2A Agreement and that it was not necessary for Cooper to have filed a motion to enforce the agreement. In addition, she asks us to limit the fees awarded to Cooper to those incurred on his motion to enforce the agreement, which was not filed until January 12, 2021. These arguments ignore that the trial court's award of fees, including those incurred in responding to her petition to modify, were "based upon" the CR 2A provision allowing for an award of attorney fees. *Id.* at 536. This order required Grady to return the children to Cooper in part because "the CR 2A Agreement signed by the parties and their counsel on September 22, 2020 is enforceable, and it shall be enforced." *Id.* at 535. Even

---

[3] To prevail on a fee request under RCW 26.09.260, the party requesting fees must "show that the motion to modify was brought in bad faith." *In re Marriage of Low*, 44 Wn. App. 6, 9, 720 P.2d 850 (1986). *See also In re Marriage of Mangiola*, 46 Wn. App. 574, 579, 732 P.2d 163 (1987) (party not entitled to attorney fees on appeal when the court "[had] no reason to believe" that the petition to modify was brought in bad faith).

though some of the fees awarded to Cooper were not strictly for his motion to enforce the agreement, Cooper's response to Grady's petition included a request for the court to enforce the September 2020 CR 2A Agreement. It was not an abuse of discretion for the trial court to award fees for Cooper's response to Grady's petition when the petition sought to extend her children's stay past the date provided by the agreement.

Grady also claims that the commissioner's order denying fees at the adequate cause hearing is final and that the trial court did not have the authority to revise it in the absence of a motion for revision by Cooper. The commissioner's order denied fees to Cooper because "Ms. Grady has indicated she will be filing a motion for revision." *Id.* at 313. The order went on, "Pursuant to local court rules, the assigned department has the power to award fees to a prevailing party, without a motion. PCLR 7 (12) (D)." *Id.* The Pierce County Local Rule (PCLR) cited by the commissioner states, "[t]he judicial department has the right to award reasonable costs or attorneys fees where allowed on all motions for revision without the necessity of a written motion." PCLR 7(12)(D). Therefore, under the court's local rules, it was not abuse of discretion for the trial court to award fees to Cooper upon Grady's motion for revision.

To the extent that Grady argues that the trial court abused its discretion in awarding fees to Cooper because her petition for modification should not have been dismissed, we disagree. Grady's declaration in support of her petition outlined travel difficulties and the likelihood of the restrictions continuing, and she explained that there was a strong possibility that the children would be unable to travel to or from Australia. As a whole, Grady argued that, in the event the children are stuck in either Australia or the United States, it was better for the children to spend time in Australia because the country was safer in terms of COVID-19 and because the children were able

to have social interaction, such as attending birthday parties and playing sports. Because the possibility of the children being unable to travel, and thus being away from a parent for a significant and unknown amount of time, applied equally to both parents, the trial court did not abuse its discretion in not finding adequate cause on this basis. Because the court did not abuse its discretion in denying adequate cause, the attorney fee award to Cooper for prevailing on Grady's petition was also not an abuse of discretion.

Grady fails to show that the trial court's award of attorney fees to Cooper was an abuse of discretion.

ATTORNEY FEES ON APPEAL

Cooper argues that he is entitled to attorney fees on appeal because " '[a] contract which provides for attorney fees to enforce a provision of the contract necessarily provides for attorney's fees on appeal.' " Br. of Resp't at 45 (quoting *Salewski v. Pilchuck Veterinary Hosp., Inc., P.S.*, 189 Wn. App. 898, 910, 359 P.3d 884 (2015)). RAP 18.1(a) provides for the recovery of reasonable attorney fees on appeal if "applicable law grants to a party the right to recover reasonable attorney fees or expenses on review." Because we hold that the trial court properly awarded fees to Cooper based on the relevant provision of the September 2020 CR 2A Agreement, we also award attorney fees to Cooper on appeal in an amount to be determined by the court commissioner.

CONCLUSION

We hold that the trial court's orders denying Grady's motions for revision and for reconsideration are moot and that the trial court did not abuse its discretion in awarding attorney fees to Cooper. Accordingly, we decline to address Grady's challenges to the orders denying her

No. 55473-9-II

motions for revision and for reconsideration and affirm the trial court's order awarding fees to Cooper. In addition, we award attorney fees to Cooper on appeal.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

CRUSER, A.C.J.

We concur:

LEE, J.

PRICE, J.