[No. 337-3.   Division Three.   April 15, 1971.]

RUBY N. DAVENPORT, *Petitioner,* v. MARVIN A. DAVENPORT, *Respondent.*

---

*Michael D. Finney* (of *Walters & Whitaker*), for petitioner.

*George E. Clark,* for respondent.

PER CURIAM.—Petitioner, Ruby N. Davenport, seeks review of a trial court order denying a motion for a voluntary nonsuit.

The facts pertinent to the instant writ are as follows:

On March 9, 1964 petitioner filed a complaint for divorce. A temporary restraining order and order to show cause were obtained February 19, 1965. Thereafter neither party proceeded with the divorce until August 14, 1970 when respondent, Marvin A. Davenport, filed and served an answer and cross-complaint. On December 23, 1970 petitioner, on written motion, sought a voluntary nonsuit. This motion was denied by the trial court.

Petitioner contends on August 12, 1970 she sought dismissal of the 1964 divorce action by oral motion to the court and presented a proposed order to that effect. Thus her right to the dismissal, requested in writing on December 23, 1970, should have been considered from the August date. Hence, the trial court's denial of the December motion exceeded its jurisdiction thereby warranting issuance of the instant writ.

We disagree. Petitioner's August motion was made orally, ex parte, to the court. No notice was given respondent, written or oral. No minute entry was made by the clerk of the court nor was anything filed with the court evidencing petitioner's motion. CR 7 requires written motions. As a result, her motion not being in writing nor being filed with the court in August does not allow the court to consider her December motion as of the August date. The purpose underlying CR 7 was to establish, as a fact, the time of the making of a motion so that it could be considered in light of the circumstances as they existed at the time of filing even though the hearing on the motion may be delayed. *McKay v. McKay,* 47 Wn.2d 301, 287 P.2d 330 (1955). Respondent's filing of an answer and cross-com-

plaint prior to the December motion brought said motion within the ambit of CR 41 (a) (3). The trial court's disposition was proper, not in excess of its jurisdiction, nor an abuse of its discretion.

The order of the trial court is affirmed.