IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Marriage of: | No. 85780-1-I |
| WREN LORIEN HANSEN, | DIVISION ONE |
| Appellant, | UNPUBLISHED OPINION |
| v. | |
| LESLEE MARIE STOCKTON, | |
| Respondent. | |

Díaz, J. — A trial court established a new parenting plan between Wren Hansen and Leslee Stockton. Stockton filed a motion for partial reconsideration and Hansen missed the deadline to respond, which prompted the court to grant Stockton attorney fees. Appearing pro se on appeal, Hansen argues the court had no factual basis to award such fees. Finding no abuse of discretion, we affirm.

## I.   BACKGROUND

After a six-day trial, the court entered its findings of facts and conclusions of law, an amended final parenting plan, and final orders on June 15, 2023. In addition to many other decisions not at issue here, the trial court denied Stockton's request for attorney fees. Afterward, Stockton filed a motion for reconsideration

("motion") on three issues, including the denial of attorney fees.[1] The court presumably ordered Hansen to file a response, but he did not do so before the court's deadline.[2] See K.C.S.C. L.C.R. 59 ("No response to a motion for reconsideration shall be filed unless requested by the court. No motion for reconsideration will be granted without such a request."). Moreover, nothing in the record establishes that Hansen filed a motion for an extension of deadline *before* the response was due.

Instead, between July 17 and 18, Hansen's counsel emailed the court's staff, apologizing for not "making the court's original deadline" and requesting the court "extend the briefing schedule" because she "had been out sick." Although it is not in the record, Hansen then filed a response to the motion at some point. And, nothing in the record demonstrates that Hansen filed a motion requesting leave to file a late brief. In reply, Stockton asked the court to strike Hansen's late-filed response.[3]

In addition to other rulings not relevant here, the trial court declined to strike the late-filed response, but sanctioned Hansen because (1) "[t]here was no explanation for this delay, (2) no "request for an additional extension," and (3) "[t]he delay intruded on a long-planned life event for Ms. Stockton [i.e., her "honeymoon"]

---

[1] The record does not contain Stockton's motion. However, the court referenced the motion, and its three issues, in its order resolving the motion.

[2] The record does not include the court's order requesting Hansen's response (which likely would have contained a deadline), nor does the record include the actual response his counsel filed, but we rely on the court's statement that Hansen filed the response "late" and his counsel's admission the deadline was missed to establish the timing of the filing of his response.

[3] Stockton's reply containing the motion to strike is not in the record, but it is referenced in the court's order resolving the motion for reconsideration.

of which Mr. Hansen knew." The court described the last reason as "intransigent" particularly because Hansen "knew where Stockton was [on her "honeymoon"] and knew that she would reply . . . to his allegations." The court ordered Stockton to "submit a fee declaration and proposed order within 14 days of this order for fees associated with replying to the late response to this motion."

Court staff emailed the parties the order on the motion ("order of August 8") at 1:26 p.m. on August 8.[4] Shortly thereafter, at 2:02 p.m. Hansen's counsel sent another email to the court:

> I'm concerned that his honor may think that there was no reason given for the delay in filing response materials when I had, in fact, emailed the court several times updating the court that I had been out sick.

> My reputation with the court is important to me as well as the Court's perception of my client. I would appreciate his honor being made aware of the fact that the delay was due to my health issue and not due to my client and that I take ownership of it. I was trying to get this done while out sick and ran out of steam.

Stockton submitted an affidavit for the hours billed on this matter on August 22, 2023. The record includes no motion for reconsideration of the order, or further relevant filings, other than a notice that Hansen's attorney filed a lien against him. In an order dated August 24, the trial court acknowledged that Hansen's now-former counsel took "responsibility" for the tardy response. Nonetheless, the trial

---

[4] The court's staff noted in its email that the court had signed an earlier version of the order in error. That earlier version, perhaps issued on July 31, may have solicited Hansen's attorney fees declaration. In turn, Hansen's counsel filed her own declaration and an explanation for her fees on August 8. Regardless, the earlier version was clearly issued in error and will be discussed no further.

court ordered Hansen to pay Stockton $2,310 in attorney fees ("award of August 24"). Hansen appeals, pro se.

## II. ANALYSIS

### A. Applicable Law and Standard of Review

"[E]very written motion . . . and similar paper" must be served upon each party and filed with the court "before service or promptly thereafter." CR 5(a) & (d)(1). And:

> If a party fails to file any . . . paper under this rule, the court upon 5 days' notice of motion for sanctions may . . . strike the . . . paper and grant judgment against the defaulting party for costs and terms *including* a *reasonable attorney fee* unless good cause is shown for, or justice requires, the granting of an extension of time.

CR 5(d)(2) (emphasis added).

A trial court, however, has discretion, "for cause shown," to (1) extend a deadline, i.e., "an act . . . required or allowed to be done at or within a specified time,"

> with or without motion or notice . . . if request therefor is made *before* the expiration of the period originally prescribed or as extended by a previous order; or

(2) "permit the act to be done"

> upon motion made *after* the expiration of the specified period, . . . where the failure to act was the result of *excusable neglect* . . . .

CR 6(b) (emphasis added).

Additionally, "[a] *written* motion . . . and notice of the hearing shall be served not later than 5 days before the time specified for the hearing, unless a different period is fixed by these rules or by order of the court." CR 6(d) (emphasis added).

Moreover, "[a]n application to the court for an order shall be by *motion* which, unless made during a hearing or trial, shall be made *in writing*, shall state *with particularity* the grounds therefor, and shall set forth the relief or order sought." CR 7(b)(1) (emphasis added).

There is a two-part standard of review for a trial court's award or denial of attorney fees:

> (1) we review de novo whether there is a legal basis for awarding attorney fees by statute, under contract, or in equity and (2) we review a discretionary decision to award or deny attorney fees and the reasonableness of any attorney fee award for an abuse of discretion.

Park Place Motors, Ltd. v. Elite Cornerstone Constr., LLC, 18 Wn. App. 2d 748, 753, 493 P.3d 136 (2021). A court abuses its discretion if it is exercised in a way that is clearly untenable or manifestly unreasonable. In re Marriage of Knight, 75 Wn. App. 721, 729, 880 P.2d 71 (1994). The challenging party bears the burden of proving such an abuse. Id.

Finally, pro se litigants are bound by the same rules of procedure and substantive law as licensed attorneys. Holder v. City of Vancouver, 136 Wn. App. 104, 106, 147 P.3d 641 (2006). However, we liberally interpret our Rules of Appellate Procedure "to promote justice and facilitate the decision of cases on the merits." RAP 1.2.

B. Discussion

Hansen first argues the trial court erred by "disregarding . . . [his] attorney's illness and the efforts to communicate such to the court" and issuing an order awarding fees to Stockton. This argument is both factually inaccurate and

procedurally unavailing.

Factually, although the court did not mention Hansen's counsel's illness in its order of August 8, by the time the court issued its award of August 24, it expressly noted that Hansen's counsel's took "responsibility" for the tardy response and attributed it to her illness. The court did not "disregard" the fact that his counsel was ill and the court did not rely on its original finding that the delay sprung from intransigence.[5]

In other words, by the award of August 24, the court effectively had reconsidered and retracted two of the findings in its order of August 8, namely, that (1) "[t]here was no explanation for this delay and (3) "[t]he delay [purposefully] intruded on a long-planned life event for Ms. Stockton [her honeymoon] of which Mr. Hansen knew." The only continuing basis for the award then was (2) that there was no "request for an additional extension." We hold that that basis for the award was procedurally justified and grounded in substantial evidence and, thus, awarding fees was within the discretion of the trial court.

There is nothing in the record to suggest Hansen requested an extension prior to the expiration of the deadline under CR 6(b)(1). Hansen also did not move for leave to file an extension after the deadline had passed, pursuant to CR 6(b)(2) in a manner compliant with CR 6(d) and 7(b)(1). Hansen did not comply with our civil rules.

"CR 7 requires written motions" because "[t]he purpose underlying CR 7 was to establish, as a fact, the time of the making of a motion so that it could be

---

[5] Nothing in this opinion relies on that original finding of intransigence either.

considered in light of the circumstances as they existed at the time of filing even though the hearing on the motion may be delayed." Davenport v. Davenport, 4 Wn. App. 733, 734, 483 P.2d 869 (1971).

On the record before the court at the time it awarded fees to Stockton, there was no such written motion ever served on the parties or filed in the court. In such a situation, the court had the broad authority under CR 5, as it did, to enter a judgment assessing fees, despite Hansen's post-hoc rationalizations. CR 5(d)(2).

Even if we were to construe Hansen's emails to court staff as a written motion for leave to file a late brief, and analyze Hansen's lateness for excusable neglect under CR 6(b)(2), his argument fails. While some factors[6] may favor a finding of excusable neglect, several factors provide a tenable basis on which a court could find a lack of such neglect. First, seeking a continuance via an email to the court could be viewed as betraying an "ignorance of the procedural rules." Keck v. Collins, 181 Wn. App. 67, 84, 325 P.3d 306 (2014). Second, Hansen's

---

[6] Specifically, a court may consider the following factors to "assist [it] in determining whether a delay resulted from excusable neglect":

> (1) The prejudice to the opponent; (2) the length of the delay and its potential impact on the course of judicial proceedings; (3) the cause for the delay, and whether those causes were within the reasonable control of the moving party; (4) the moving party's good faith; (5) whether the omission reflected professional incompetence, such as an ignorance of the procedural rules; (6) whether the omission reflected an easily manufactured excuse that the court could not verify; (7) whether the moving party had failed to provide for a consequence that was readily foreseeable; and (8) whether the omission constituted a complete lack of diligence.

Keck v. Collins, 181 Wn. App. at 84 (quoting 15 KARL B. TEGLAND, WASHINGTON PRACTICE: RULES PRACTICE § 48:9, at 346 (2d ed. 2009)) ("These considerations are essential to fulfilling the civil rules' purpose of ensuring the trial court justly, speedily, and inexpensively determines every action, preferably on the merits rather than technicalities.").

rationale was "easily manufactured" and, on the record before it, unverifiable. Id. Hansen attached to his emails no documentation or even a signed affidavit to verify his counsel's illness. See, e.g., Muñoz v. Bean, No. 72794-0-1, slip op. at 11 (Wash. Ct. App. March 7, 2016) (unpublished), https://www.courts.wa.gov/opinions/pdf/727940.pdf, ("Muñoz submitted no evidence from which the trial court could confirm that Muñoz had actually been ill, or whether this was a 'manufactured excuse.' Moreover, had Muñoz experienced health issues, she should have alerted the court as to her difficulties before the responsive pleading deadline had passed") (quoting Keck, 181 Wn. App. at 84).[7] Third, together these facts suggest a lack of diligence. Keck, 181 Wn. App. at 84.

Thus, even if we construe such an email as a motion to continue based on excusable neglect, Hansen did not carry his burden to show the court's discretion "has been exercised upon a ground, or to an extent, clearly untenable or manifestly unreasonable." Friedlander v. Friedlander, 80 Wn.2d 293, 298, 494 P.2d 208 (1972); see also Davies v. Holy Family Hosp., 144 Wn. App. 483, 500, 183 P.3d 283 (2008) (reviewing CR 6 motion for continuance for abuse of discretion).[8]

---

[7] "Washington appellate courts should not, unless necessary for a reasoned decision, cite or discuss unpublished opinions in their opinions." GR 14.1(c). "However, unpublished opinions of the Court of Appeals filed on or after March 1, 2013, may be cited as nonbinding authorities, if identified as such by the citing party, and may be accorded such persuasive value as the court deems appropriate." GR 14.1(a). We cite to this opinion, consistent with GR 14.1(c), as it is necessary for a reasoned decision.

[8] Hansen also argues that there are timing discrepancies between Stockton's counsel fee declaration and the filings in this case. However, he once again did not provide the referenced underlying filings, permitting us to assess this claim.

In turn, Hansen has not shown that the "discretionary decision to award . . . attorney fees and the reasonableness of any attorney fee award" suffered from an abuse of discretion. Park Place Motors, Ltd., 18 Wn. App. 2d at 753. The court did not exercise its discretion in a way clearly untenable or manifestly unreasonable. In re Marriage of Knight, 75 Wn. App. at 729.

Finally, Hansen asks for attorney fees to cover the cost of this appeal. We decline to exercise our discretion to grant his request because he is neither the prevailing party nor has he explained why his financial circumstances warrant an award of fees, except in the broadest terms. RCW 26.09.140.

III.    CONCLUSION

We affirm the trial court.

Díaz, J.

WE CONCUR:

Coburn, J.                    Dwyer, J.

9